ROBERTS v. MILLER.

## Michael Roberts and another v. Elizabeth Miller.

*Mechanic's liens: Proceedings: Answer.* In proceedings under the statute to enforce a mechanic's lien upon realty, an answer should be put in by the defendant, so that an issue may be properly formed.

*Proceedings to enforce mechanic's lien: Notice of filing lien: Evidence.* The failure to prove that the defendant was notified, as required by the statute (*Comp. L. 1871,* § *6790*), of the filing of the lien with the register of deeds, is fatal to the right of complainants to recover in such proceedings.

*Proceedings to enforce mechanic's liens: Notice: Evidence: Petition: Burden of proof.* The fact that the petition in such proceedings alleges under oath that due notice of filing the certificate was served upon defendant, does not do away with the necessity of proving the fact by evidence, where no answer has been put in admitting it; the sworn petition is not *prima facie* evidence on the trial in support of the complainants' claim, and they have the burden of proving by evidence on the trial that they have complied with all the requirements of the statute necessary to give them a lien upon the premises of the defendant.

*Submitted on briefs June 10. Decided June 18.*

Appeal in Chancery from Wayne Circuit.

*Van Dyke & Brownson,* for complainants.

*Chipman, Dewey & Hawes,* for defendant.

PER CURIAM:

Complainants filed their petition in the circuit court of Wayne county, in chancery, under and in accordance with the provisions of § *6794* of the *Compiled Laws,* for the enforcement of a lien claimed by them in the erection of a building for defendant.

No answer was put in by the defendant, the court ruling that an answer was not necessary, and the parties proceeded to a hearing upon the petition.

We think an answer should have been put in by the defendant, so that an issue might have been properly formed. The statute (§ *6794*) clearly contemplates that an answer shall be put in.

32 MICH.—37.

ROBERTS *v.* MILLER.

A decree was rendered in favor of the complainants, and defendant appealed.

It is urged that the court ought not to have rendered a decree in favor of the complainants, for the reason that it was not shown on the trial that notice of the filing of the certificate was served on the defendant.

The proviso in § *6790* is as follows: "That no lien created by virtue of this act shall be binding upon the owner, part-owner, or lessee, until he shall have been notified of the filing of such lien with the register of deeds."

The failure to prove that this proviso has been complied with, is fatal to the right of the complainants to recover,— as a lien was never created unless this notice was given. It is said, however, by counsel for complainants, that the petition having been sworn to, and having set forth that due notice of filing the certificate was served upon the defendant, and the defendant not having denied, in her pleadings, or upon the trial, service of such notice on her, no proof was necessary. We have already said that no answer or other pleading was put in by the defendant, so that if the position taken by complainants' counsel is correct, none of the allegations in the petition required any evidence to support them, but the entire burden of proof was in the first instance upon the defendant to disprove them. This is not correct. The petition is not *prima facie* evidence on the trial in support of the complainants' claim. The complainants must be prepared to support their own case, and must show that they have complied with all the requirements of the statute necessary to give them a lien upon the premises of the defendant.

As to the necessity of an answer, and the practice generally in these cases, see *Willard v. Magoon, 30 Mich., 273.*

The decree must be reversed, with costs.