JOSEPH BOURGET v. ROBERT DONALDSON ET AL.

*Mechanic's lien—Notice—Proof of service—Assignment by contractor of amount due—Right of subcontractor—Costs.*

1. An affidavit attached to a claim of lien filed in the office of the register of deeds, in which the deponent states that he served a true copy of the foregoing statement or claim of lien by "delivering the same *to him* personally," is *prima facie* proof that such service was made upon the owner of the land upon which the lien is sought to be enforced, who is named as such in such claim or statement, when offered in evidence in connection with the claim to which it is attached.

2. An assignment by a contractor, to a third person, of the moneys to become due upon the contract, with notice to the land-owner of such assignment, will not deprive a subcontractor of his lien upon the premises under the mechanics' lien law, but such lien will be limited in amount to the sum actually due and owing to the contractor from such owner at the time of filing and serving the notice of lien.

3. A land-owner who is compelled to appear and answer a bill filed by a subcontractor to enforce a mechanic's lien, and who discloses the exact amount unpaid on the contract, and proffers payment of such sum to the person who shall be adjudged entitled thereto,—the same being claimed by an assignee of the contractor,—is entitled to his costs.

Appeal from Wayne. (Hosmer, J.) Submitted on briefs November 14, 1890. Decided December 5, 1890.

Bill to enforce a mechanic's lien. Defendant Reid appeals. Affirmed. The facts are stated in the opinion.

*George B. Yerkes (Hibbard Baker,* of counsel), for complainant.

*Barbour & Rexford,* for appellant.

<hr/>

[1] The mechanics' lien law of 1887 was held unconstitutional in *Lumber Co. v. Loan & Trust Co.,* 77 Mich. 199.

*Angstman & Pitts*, for defendant Donaldson.

LONG, J. Complainant, as subcontractor, and as assignee of one Vanderworp, another subcontractor, under defendant Dean, filed his bill of complaint, under the mechanics' lien law, to enforce a claim of lien on real estate owned by defendant Donaldson, making one Reid a party because he claimed the money due from Donaldson, under an assignment thereof from Dean, made prior to the filing of the claim of lien. The bill was taken as confessed by defendant Dean. Defendants Donaldson and Reid filed separate answers, to which complainant filed general replications. The decree is in favor of complainant for the full amount of his claim, and $18.25 costs, and awards to defendant Donaldson for his costs the balance ($18.25) of the amount owing by him. From this decree, defendant Reid appeals generally.

The facts are substantially as follows: Defendant Dean contracted with defendant Donaldson, owner of certain real estate in Detroit, described in the bill of complaint, to glaze and paint the house thereon for the sum of $350. On June 17, 1889, Dean was owing defendant Reid, a wholesale and retail dealer in glass and paint, over $500 for goods purchased. Dean wanted more goods on credit, and Reid refused to let him have them unless Dean would give some security for what he was owing, and for any further credit he might get; and, accordingly, on that day, for that purpose, Dean assigned to Reid the money to become due on the contract with Donaldson, of which assignment Donaldson, through his agents, A. C. Varney & Co., architects, had notice on June 19, 1889, and personally on November 5, 1889.

Complainant and one Vanderworp were employed by Dean to paint the house, and were each to be paid $2 a day. They worked 28 days, from October 4 to Novem-

ber 5, 1889. They were each paid $8, and on November 5 there was due them from Dean $96; that is, $48 to each. On that day they refused to go on with the work because Dean would not pay them, and were informed of the assignment to Reid.

After the assignment, Dean brought to Reid a check for $150, given by A. C. Varney & Co., and, on Dean's representation that he needed $100 of it to pay the men working on the Donaldson job, Reid let him have $100, and gave him credit for the balance, $50. Subsequently, being informed by the architects that there was a balance of $150 to be paid, and that certain plate-glass was necessary to complete the work, Reid furnished. Dean on credit $55.32 worth of plate-glass. Subsequently, on the representation of complainant and Vanderworp that Dean had not paid them, and that they would not go on with the work, Reid arranged with them to complete the same, and to pay them for the additional work. They accordingly completed the work, and Reid paid them therefor $51. Besides the $150, Reid received from Dean. through the architects $50. Prior to the commencement of this suit, Vanderworp assigned his claim against Dean to complainant for the purpose of bringing suit thereon, and afterwards, on November 7, 1889, complainant caused a claim of lien to be filed in the office of the register of deeds for Wayne county.

The files from the register's office, copies of which are attached to the bill of complaint, were admitted in evidence, subject to defendants' objection as to their competency. The affidavit of service of the notice of lien upon defendant Donaldson, set forth in the bill and proofs, is as follows:

"STATE OF MICHIGAN, &#125;
"County of Wayne, &#125; *ss.*
"William Vanderworp, being duly sworn, deposes and

says that on the 7th day of November, 1889, he served a true copy of the foregoing statement or claim of lien and notice by delivering the same to him personally.

"WILLIAM VANDERWORP.

"Subscribed and sworn to before me this 3d day of December, 1889.

"WM. H. TURNER,
"Notary Public, Wayne Co., Mich."

Defendant Reid, appellant, relies on the following as errors:

1. That the affidavit of service of the notice of lien is insufficient, and therefore fatal to complainant's right to recover.[1]

2. That, under the assignment from defendant Dean, defendant Reid is justly and legally entitled to all the money owing by defendant Donaldson on his contract with Dean.[2]

The statute requires that a copy of the notice of the claim of lien shall be served on the owner of the property upon which the lien is claimed (How. Stat. § 8378); and that, within 30 days after final cessation of his labors, the subcontractor shall file in the office of the register of deeds of the county in which the property is situated—

"Proof by affidavit of due service of notice of lien on such owner, * * * and, unless such affidavits are so filed, such lien shall cease and determine as to all persons except as to such owner." Id. § 8380.

It is contended that there is no evidence that a copy of the claim of lien was served on defendant Donaldson, the owner; that the statement in the affidavit, which is set out, that notice was served "by delivering the same to him personally" is not a statement that the notice of the claimed lien was served on the defendant Donaldson,

---

[1] Counsel cited, in support of this proposition, How. Stat. §§ 8378, 8380; *Roberts v. Miller*, 32 Mich. 289; *Wagar v. Briscoe*, 38 Id. 587.

[2] Counsel cited *Kane v. Clough*, 36 Mich. 436; *Bloomer v. Henderson*, 8 Id. 395; *Lauer v. Dunn*, 52 Hun, 191, 195.

as the affidavit does not state who is meant by *"him personally."* The only proof contained in the record that such notice was served is found in this affidavit. The bill in the eighth paragraph alleges that complainant caused to be served a copy of such notice upon the defendant Robert Donaldson on November 7, 1889, "as appears by the affidavit of William Vanderworp, which, with a copy of said notice of lien, is hereto attached, marked 'Exhibit B,' and made part of this bill of complaint." This Exhibit B contains the affidavit heretofore set out. The defendant Donaldson in his answer neither admits nor denies the allegations contained in this paragraph of the bill, but leaves complainant to make proof. Defendant Reid also leaves complainant to make proof of those matters. The question is therefore presented whether the affidavit attached to the notice of lien is *prima facie* proof of the service of such notice.

How. Stat. § 8378, provides that "such lien shall not attach unless such person, contractor or subcontractor, labor or material man, shall file in the office of the register of deeds of the county or counties in which said real estate is situated a written notice, substantially in the following form." The statute then prescribes the form of such notice, and provides, as hereinbefore stated, for service of the notice upon the owner, etc. The form of the notice of lien was in substantial compliance with the statute. It contained the necessary statements, and the complainant testified on the hearing that it was filed in the office of the register of deeds of Wayne county on November 7, 1889. The files from the office of the register of deeds were offered and received in evidence, and Exhibit B, which is the statement of lien and notice with the affidavit of Mr. Vanderworp of service of such notice, was part of these files. These facts showed *prima facie*

that the notice was served. It was attached to and indorsed upon the notice filed in the office of the register of deeds, and a fair construction of the words in the affidavit, "him personally," is that it was served on the defendant Donaldson. It is true that the notice would be utterly void without service upon the owner, as provided by the statutes, and no lien could otherwise be created and title to realty divested, yet it would be very technical indeed to hold that "him personally" could have possibly referred to any other than the defendant Donaldson, who is described in the statement filed as the owner of the land; and especially is this so where the parties have appeared and defended, and have made no such claim upon the hearing in the court below; for, so far as this record shows, no such claim was there made, and it appears to be raised here for the first time.

The cases cited by the learned counsel for the defendant Reid do not support the contention made by them on this point. In *Roberts v. Miller*, 32 Mich. 289, no answer was put in by the defendant. It was there said that the statute clearly contemplates that an answer shall be put in. The statute then in force (section 6790, Comp. Laws, 1871) provided—

"That no lien created by virtue of this act shall be binding upon the owner, part owner, or lessee until he shall have been notified of the filing of such lien with the register of deeds."

It was said by the Court further that—

"The petition is not *prima facie* evidence on the trial in support of the complainants' claim. The complainants must be prepared to support their own case, and must show that they have complied with all the requirements of the statute necessary to give them a lien upon the premises of the defendant."

It appears from this that the complainants offered no proofs whatever of such service, but relied solely upon

the recitals contained in the petition filed to enforce the lien for the proof of the fact of service of notice. Here the defendants did appear and answer, and some evidence, as before stated, was offered and given that the notice had been served, at least, by the affidavit of service of the notice filed with the statement of lien in the office of the register of deeds. The affidavit is not open to the objection made.

The other objection goes to the whole merits of the controversy. The court below found—

"That on and prior to the 7th day of November, 1889, the defendant Robert Donaldson was the owner and in possession of the real estate mentioned and described in said bill of complaint; that on and prior to the 5th day of November, 1889, the complainant and one William Vanderworp, who assigned his claim to said complainant for the purpose of bringing suit thereon, furnished the defendant Robert Donaldson with certain work and labor in painting and decorating a certain dwelling-house, situated on said real estate; that said work and labor was commenced on the 4th day of October, 1889, and was concluded on the 5th day of November, 1889; that said work and labor was done and furnished in pursuance of an agreement between complainant and said William Vanderworp with the defendant Edgar S. Dean, a contractor employed by the defendant Robert Donaldson, under a written contract to do the painting and decorating on said building, for which said defendant Edgar S. Dean was to receive the sum of $350; that on said 7th day of November, 1889, there was due said complainant for said work and labor the sum of $96, and that on said day there was due to the said defendant Edgar S. Dean, under said contract to do the painting and glazing on said building, the sum of $132.50; that on the said 7th day of November, 1889, the complainant did cause a notice or claim of lien to be filed in the office of the register of deeds for Wayne county, and also a copy of said notice to be served upon the defendant Robert Donaldson, on said 7th day of November, 1889; and that there is now due the complainant, Joseph Bourget, the sum of $96, for which sum he is entitled to a lien upon the premises."

A decree was entered for the payment to him thereof by the defendant Donaldson out of the moneys in his hands, and, if not paid within the 40 days, the premises were to be sold. The findings are fully supported by the proofs.

One of the claims made by the counsel for defendant Reid is that, after Donaldson was notified of the assignment to Reid, he became Reid's debtor, and therefore no lien could be placed on his property that could defeat Reid's right to the money.

How. Stat. § 8379, provides that—

"The filing and service of said notice shall not bind said premises and said owner * * * for any amount beyond the sum which is then due at the time of filing and serving the same, or which may thereafter become due from such owner."

Under the contention of counsel for appellant, the contractor could, at any time during the progress of the work, assign all his claim for such work to a third party, and, upon notice being given to the owner of such assignment, the subcontractor, to whom the lien is given under the statute, would be deprived of all the benefits which the statute was intended to confer upon such subcontractors. The statute cannot be given this construction. It is true that under the statute the subcontractor could only hold the premises under such a lien for the amount actually due and owing to the contractor from the owner at the time of filing and serving the notice of the lien.

In the present case, the defendant Donaldson discloses that he was owing the contractor, Mr. Dean, the sum of $132.50 at the time of such service, but that the amount was claimed by defendant Reid on the ground that the contract had been assigned by Dean to him. The moneys earned under the contract were still in Donald-

son's hands, and the assignment of the same, or of Dean's interest in the contract, could not in any manner operate to defeat the right of the subcontractors to effectuate their lien under the statute. If the moneys had actually been paid over by Mr. Donaldson to Reid under Dean's orders, the case would have been very different. Then the contract on Donaldson's part would to that extent have been fully performed, and the subcontractors have lost all claim to the moneys so paid.

Some contention is made that Donaldson should not have had a decree for his costs. He was compelled to come in and make answer to the bill filed, and thereby put to cost and expense. He disclosed the exact amount unpaid, and now proffers payment of such amount to the person who the court shall adjudge is rightfully entitled thereto. The court properly awarded him his costs.

There is no error in the record, and the decree must be affirmed, with costs.

The other Justices concurred.