W. J. CARTER, APPELLANT, v. HUGH BRADY AND W. A. COX, APPELLEE.

1. Under the provisions of Chapter 5143 Acts of 1903, an assignment by a contractor of the balance to become due under his contract for building a house will not defeat a material man's lien served before the completion of the building and before the owner has actually paid the balance to the assignee, the balance due being in excess of the material man's lien.

2. Under the provisions of Chapter 5143 acts of 1903, where a contractor assigns the balance due him on an uncompleted contract to build a house, and the owner of the house accepts the assignment upon condition that the assignee will complete the contract for building the house, and before the completion of the contract and before the balance due is paid, a material man's lien is served on the owner for material furnished the original contractor and used in the building, such lien is binding on the property for an amount not greater than the amount unpaid on the contract at the time of the service of the notice.

This case was decided by Division A.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*W. F. Himes,* for Appellant.

*Macfarlane & Glen,* for Appellees.

WHITFIELD, J.   The appellant filed a bill in the circuit court for Hillsborough county to enforce a claim for materials furnished to W. A. Cox and used in a building on the land of Hugh Brady.   The prayer is for a personal decree against W. A. Cox for the amount claimed and for the foreclosure of an alleged lien on the land of Hugh Bra ly for the said amount.   The bill was dismissed as to Hugh Brady and the complainant appealed therefrom.

Hugh Brady the owner of certain land contracted with W. A. Cox to erect a building thereon.   W. J. Carter furnished Cox material for such building to the amount of $152.53.   Cox abandoned the contract before the completion of the building, and for value received gave to one W. C. Spencer an order requesting Hugh Brady to pay to Spencer the balance due Cox on  account of the  contract for building the house for Brady.  'Brady accepted in writing the said order conditioned that Spencer should complete the building as per contract, and  agreed  that upon such completion he would pay to Spencer the  balance unpaid on the contract.   Two days after the order from Cox to Spencer was presented to and  accepted by Brady, W. J. Carter delivered to Brady a written notice that Cox was indebted to Carter in the sum of $152.53 for building material furnished by Carter and used by Cox in the construction of said building on said land, and that Carter claimed and intended to hold a lien on said land with the buildings thereon for the said sum so due.   When Brady accepted the order given by Cox to Spencer the balance unpaid on the contract was $287.00.   Brady ignored the notice given by Carter.   Spencer completed the contract using $70.40 of labor and material therefor.   When the contract was completed Brady paid Spencer $287.00 and refused to recognize the lien claimed by Carter.

Sections 5 and 10 Chapter 5143 Acts of 1903, contain the following provisions:

Section 5: "Liens shall exist in favor of any person who shall furnish any building material used in the construction, repair, or use of any building, railroad, canal, or telegraph line, wharf, bridge, mill, distillery or other manufacturing work or structure, upon the said buildings, liens, or other property and the lands upon which they stand."

Section 10: "A person entitled to acquire a lien, not in privity with the owner * * shall acquire a lien upon such owner's real or personal property as against him * * by the delivery to him, or his agent, of a written notice that the contractor or other person for whom * * the materials were furnished, is indebted to the person * * furnishing the material in the sum stated in the notice * * . A lien shall exist from the time of the service of such notice for the amount unpaid on the contract of and by the owner to the contractor or the person for whom the material was furnished."

The contention for the appellee, Hugh Brady, is that the contract being an entirety its abandonment by Cox before its completion severed the contractual relation between Brady and Cox and left Brady owing nothing to Cox; that as Brady owed Cox nothing because of the abandonment of the contract before its completion, and Cox being the contractor or the person to whom the material was furnished by Carter, the statute gave Carter no lien for material furnished to Cox, because, it is contended, Brady owed nothing to Cox, the original contractor when the notice was served on Brady.

The bill of complaint alleges that "W. A. Cox entered into a certain contract with the defendant, Hugh Brady,

by the terms whereof the said W. A. Cox agreed with the said Hugh Brady for certain moneys to be paid him in that behalf by the said Brady to construct and erect for the said Hugh Brady a one story cottage on the property hereinbefore described; that a more particular description of the said contract and the terms and conditions thereof are unknown to complainant." There is no evidence as to the terms and conditions of the contract, or as to the conduct of the parties under it except as to the abandonment, and the nature of the subject-matter of the contract does not necessarily make it an entirety.

The acceptance by Brady of the order given by Cox to Spencer was an acknowledgement that there was an amount due and unpaid to Cox and it is agreed that such unpaid amount is $152.53. The agreement of Brady to pay the amount so acknowledged to be due on the contract is an evidence of the intention of Brady to accept Spencer as the successor to Cox in their contract relation as to the building. The statute provides that "a lien shall exist from the time of the service of such notice for the amount unpaid on the contract of and by the owner to the contractor." The giving and acceptance of the order from Cox to Spencer did not operate as a payment by Brady to Cox of "the amount unpaid on the contract," and such order not being shown to be negotiable, its receipt by Spencer and its acceptance by Brady must be considered to have been subject to the rights existing between Brady and Cox at the time such order was given and accepted. The assignment of the balance due on the contract carried with it the burden imposed on it by law. Spencer could have no greater rights under the order and its acceptance than Cox had. Under our statute an assignment by a contractor of the balance to become due

under his contract for building a house will not defeat the material man's lien served before the completion of the building and before the owner has actually paid the balance to the assignee, the balance due being in excess of the material man's liens. See Boisot on Mechanics' Liens, Sec. 347, page 336; Joseph Bourget v. Robert Donaldson et al., 83 Mich. 478, 47 N. W. 326; Texas Builders' Supply Co. v. National Loan and Investment Co., 22 Tex. Cv. App. 349, 55 S. W. 1059; Jennings v. Willer, 32 S. W. Rep. 24. Spencer undertook to complete the contract begun by Cox and could have no greater rights under it than Cox had, and as Carter's notice of lien was served before the building was completed and before the balance due upon the contract was paid, the payment to Spencer of the balance due on the contract did not discharge the lien acquired by Carter by serving his notice before the building was completed and before such balance was paid. Our statute cannot be subject to the construction that the contractor can at any time during the progress of the building under his contract assign the balance due for such building to a third party, and upon the acceptance of such assignment by the owner, a material man, to whom a lien is given under the statute, will be deprived of all the benefits which the statute has intended to confer upon him. The order given by Cox to Spencer and its acceptance by Brady did not prevent the lien of Carter from attaching when notice thereof was presented to Brady before the completion of the contract by Spencer, who undertook to complete it, and before the payment of the balance due thereon by Brady to Spencer, and as a consequence the decree dismissing the bill as to Hugh Brady was erroneous.

The decree is reversed at the cost of the appellee, Hugh Brady, and the cause is remanded for further proceedings in accordance with law.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.