McDonald et al. v. Erwin et al.—Syllabus.

Joseph A. McDonald, John B. Reilly and George A. McKinnon, Copartners Formally Doing Business as J. A. McDonald & Co., Appellants, v. W. W. Erwin, and J. W. Singleton, Appellees.

1. Under the provisions of chapter 5143, acts of 1903, section 2193 *et seq.* General Statutes of 1906, any person not in privity with the owner of land who shall furnish to a contractor any building material used in the construction, repair or use of any building upon the land, may acquire a lien upon the building and the land upon which it stands, by delivering to the owner or his agent a written notice that the contractor for whom the materials were furnished or are being furnished, is indebted to the person furnishing the material in the sum stated in the notice; and the lien shall exist from the time of the service of such notice for the amount unpaid on the contract by the owner to the contractor. The service of the notice also creates a personal liability against the owner of the property in favor of the lienor giving the notice, for the amount due by the owner at the time of the service of the notice to the contractor for whom the materials were furnished.

2. Chapter 5143, acts of 1903, section 2213 General Statutes of 1906, authorizes a materialman, not in privity with the owner of the land, to enforce by bill in equity his lien acquired upon the building and the land upon which it stands for materials furnished and used in the construction or repair of such building. The decree in such proceeding may provide for the recovery from the owner of the land of the amount due by him to the contractor on the contract at the time of the service of the notice, as well as declare and enforce the lien against the property of such owner for such amount.

3. Where a bill in equity brought to enforce the lien of a mate-

rialman upon land, alleges that the complainant furnished materials to a contractor which were used in the construction of a building on the land; that a written notice claiming a lien was given by the complainants to the owner of the land; that the complainants had been and were furnishing material to the contractor, stating the estimated amount of materials furnished; that the owner was indebted to the contractor on the contract at the time such notice was served upon the owner, in a large sum of money more than sufficient to pay to complainants the amount of their lien; that the contractor abandoned the contract before its completion and that complainant's claim has not been paid, a demurrer on the grounds that there was no privity of contract between complainants and the owner of the land, that it is not directly alleged that the owner was indebted to the contractor after the receipt of the notice, either by virtue of the contract or upon a *quantum meruit*, and that the contract was so breached as to relieve the owner from further payments to the contractor, should not be sustained, the contract under which the building was erected not being in the record.

This case was decided by Division A.

Appeal from the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the Court.

*Seymour* & *Atkinson*, for Appellants.

*Geo. M. Robbins*, for Appellees.

WHITFIELD, J.: Appellants brought suit in equity to enforce a materialman's lien upon real estate. The

amended bill alleges that appellants are dealers in build-
ing material; that W. W. Erwin, one of the appellees, is
the owner of lots 10 and 11, block 112 north, of the city
of Miami, according to Knowlton's plat of said city, on
file in the clerk's office of Dade county, Florida; that
prior to the accruing of complainant's cause of action,
the said W. W. Erwin entered into a contract with
J. W. Singleton, a contractor, for the erection of a cer-
tain two story building upon said lots; that beginning
July 20, 1904, J. W. Singleton began buying from com-
plainants certain material to be used in the construction
of said building; that defendant W. W. Erwin had full
knowledge of said fact; that the material so delivered by
complainants to the said W. W. Erwin on the order of
the said J. W. Singleton amounts to the sum of $534.76,
which has not been paid; that on September 8, 1904, com-
plainant by Geo. A. McKinnon gave the defendant W.
W. Erwin a written notice to the effect that complain-
ants had been and were furnishing material to said J.
W. Singleton, contractor, and acting as agent for the said
W. W. Erwin in the construction of said building, giving
the approximate amount due, and stating that complain-
ants intended to hold a lien against the premises above
described in order to secure the payment of the sum
therein specified, to wit, $668.63, a copy of said notice
being attached to the bill; that said W. W. Erwin, sub-
sequent to the service of said notice, acknowledged the
receipt thereof and acknowledged that said notice was
the first notice he had received of any lien being held
against said building for the payment of any indebted-
ness due thereon for either labor or material; that on
September 21, 1904, complainants prepared a notice of
perfected lien directed to W. W. Erwin notifying him

and all others interested that complainants intended to hold a lien amounting to $534.75 against the property above described, to which notice was attached an itemized statement of the material furnished by complainants to said J. W. Singleton and W. W. Erwin and used in the construction of said building; that said notice was recorded in the public records of Dade county, Florida, the original with itemized statement being attached to the bill; that at the time of the service of the said preliminary notice upon W. W. Erwin there was due by said W. W. Erwin to the contractor J. W. Singleton on account of said contract a large sum of money, more than sufficient to pay complainants the amount of their lien against said building, which was duly admitted by said W. W. Erwin to complainants; that before the completion of said building by the said J. W. Singleton, but subsequent to the service of said notice, the said J. W. Singleton abandoned said contract and left for parts unknown to complainants, leaving the amount due complainants for such building material unpaid; that notwithstanding the fact that said W. W. Erwin had received said building material and that same had been applied in the construction of the building upon the premises aforesaid, and the fact that he had received due notice on September 8, 1904, that there was then due upon said building by the said W. W. Erwin and the said J. W. Singleton a greater sum that the amount secured by complainant's lien, the said W. W. Erwin failed and refused and still refuses to pay said amount due complainants; that the defendants were on September, 8, 1904, indebted to complainants in the sum of $534.76 for material so used; that defendants are still indebted to complainants in said sum, and

complainants claim a lien upon and against said property to secure the payment of the amount set forth in the notice of lien recorded as aforesaid, with costs and attorneys' fees. Complainants pray for an accounting; that the defendants be decreed to pay complainants the amount due for principal and interest on said lien and the costs, charges and expenses of this suit, including solicitors' fee not exceeding ten per cent., and that said W. W. Erwin and all persons claiming under or through him subsequent to the record of the said notice of lien, &c., may be barred and foreclosed of all equity of redemption, &c.; that a lien be decreed, and for general relief.   Process was prayed for against W. W. Erwin and J. W. Singleton.

W. W. Erwin demurred to the amended bill of complaint on the ground: "That it appears by the bill that there was no privity of contract between the complainants and this defendant, but that the complainants are creditors of the defendant, J. W. Singleton. That it further appears by said bill as amended that the said J. W. Singleton entered into a contract with this defendant for the erecting of a two-story building upon the *locus in quo*, which contract the said Singleton abandoned and breached, leaving said building unfinished. It is not alleged that this defendant made any payments to said Singleton after the receipt of the cautionary notice received from the complainants, nor is it made to appear that this defendant was indebted (except as a legal conclusion alleged in said bill) to the said Singleton, after the receipt of said notice, in any amount whatever, either by virtue of said contract or upon a *quantum meruit,* but said bill shows, on the contrary, that said contract was

so breached by the said Singleton as to leave this defendant freed from any obligation to make further payment thereunder, either to said Singleton or to complainants on Singleton's account."

This demurrer was sustained January 9, 1906, and the complainants given until rule day in February, 1906, to amend, if they so desired. On March 29, 1906, no amendment to the bill having been made, the bill was dismissed and the complainants appealed. The errors assigned are (1) sustaining the demurrer to the amended bill; (2) dismissing the bill.

Chapter 5143, acts of 1903, contains the following provisions: "Liens shall exist in favor of any person who shall furnish any building material used in the construction, repair or use of any building,   *   *   *   upon the said buildings   *   *   *   and the lands upon which they stand."   "A person entitled to acquire a lien, not in privity with the owner,   *   *   *   shall acquire a lien upon such owner's real or personal property as against him   *   *   *   by the delivery to him, or his agent, of a written notice that the contractor or other person for whom   *   *   *   the materials were furnished is indebted to the person   *   *   *   furnishing the material in the sum stated in the notice; but if a person   *   *   *   who is about to furnish materials shall so desire, he may deliver to the owner or agent a written cautionary notice that he will   *   *   *   furnish certain materials, a lien shall exist from the time of the service of such notice for the amount unpaid on the contract of and by the owner to the contractor. Such service shall also create a personal liability against the owner of the property in favor of the lienor giving such notice, for the amount due by the said owner at the time of the service of the notice,

to the contractor for whom the materials were furnished."
A person not in privity with the owner may enforce his
lien by a bill in equity, but "the contractor or person for
whom * * * the materials were furnished must be
made a party to the suit, and the judgment or decree
may provide for the recovery from the contractor or other
person as aforesaid of the amount due by him, and from
the owner of the amount due by him to the contractor or
other person as aforesaid at the time of the service of the
notice provided for above, as well as decree and enforce
the lien against the property of such owner for such
amount; but only one satisfaction of such judgment shall
be had."

The amended bill of complaint in this case alleges the
furnishing by complainants of material used by the de-
fendant J. W. Singleton as contractor in erecting a build-
ing on described land of the defendant W. W. Erwin; the
service of a notice in writing on the defendant W. W.
Erwin that complainants had furnished and were furnish-
ing such material so used, and claimed a lien to a given
amount; the indebtedness of the defendant W. W. Erwin
to the defendant J. W. Singleton on the contract for the
building at the time the notice was served; the non-pay-
ment of the amount due the complainants, and the aban-
donment of the contract before its completion by Single-
ton, the contractor, subsequent to the service of said
notice. The statute provides that lien upon the building
and the land on which it stands shall exist from the time
of the service of the notice by the materialman on the
owner of the land for the amount unpaid on the contract
by the owner to the contractor; and that such service shall
also create a personal liability against the owner of the

property in favor of the lienor giving such notice, for the amount due by the owner at the time of the service of the notice to the contractor to whom the materials were furnished.

It is contended that it is not directly alleged in the bill of complaint that any amount was due by the defendant W. W. Erwin to the defendant J. W. Singleton on the contract when the notice was served by complainants on W. W. Erwin, and that as the allegations show the contract was abandoned before its completion there was nothing due the contractor under the contract or upon a *quantum meruit* if the owner consumes the contract price in completing the building after the abandonment of the contract by the contractor. The bill of complaint does allege "that at the time of the service by your orators upon the said defendant W. W. Erwin of the preliminary notice aforesaid, there was due by the said W. W. Erwin to the contractor, J. W. Singleton, on account of the said contract, a large sum of money, more than sufficient to pay to your orators the amount of their lien against the said building, which said indebtedness of the said W. W. Erwin to the said J. W. Singleton was duly acknowledged and admitted by the said Erwin to your orators." This allegation is sufficient to require a reply from the defendant, to whom the amount of the indebtedness must be known.

There is no allegation that the contract was an entirety and that nothing was due thereon to the contractor until its completion. The nature of the contract does not require it to be an entirety. The statute fixes the lien and the personal liability of the owner as "the amount due by the said owner, at the time of the service of the notice, to the contractor." See Carter v. Brady 51 Fla. 404, 41

South. Rep. 539. If in fact nothing was due by the owner to the contractor on the contract at the time the notice was served on the owner no lien or liability resulted. The indebtedness of the owner to the contractor on the contract at the time the notice was served is within the knowledge of the owner; and if nothing was at the time due to the contractor by the owner on the contract, it can be shown in defense of the lien and of liability of the owner.

The allegations of the bill are sufficient to require the defendant to plead or answer, and consequently the order sustaining the demurrer was erroneous. It does not appear from this record that service has been perfected on J. W. Singleton as a party defendant in the suit.

The decree is reversed and the cause is remanded for further proceedings.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.