R. L. STRINGFELLOW, *Plaintiff in Error*, v. JAMES COONS and E. G. GOLDER, PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF COONS and GOLDER, *Defendants in Error.*

1. In a suit by sub-contractors to enforce a mechanic's lien the court properly refused the following instruction to the jury: "The court charges you that if you find from the evidence or the admissions in the plaintiff's declaration that the defendant Stringfellow promptly upon receipt of notice of plaintiffs of their intention to hold a lien upon his house, he notified them in writing in reply thereto that they were not to hold his property for any service or material performed for the contractors, and that he would in no wise be responsible to plaintiffs, but that they must look to the contractors and that thereafter his dealings with plaintiffs did not alter his dealings as expressed in this reply, then you cannot find for the plaintiffs as there was no privity between them and the defendant Stringfellow."

2. In a suit by sub-contracts to enforce a mechanic lien the extent of the liability of the owner of the property and of the lien in favor of the plaintiffs is in no way lmited or affected by the state of the accounts between the owner and the contractors at the time of the abandonment of the contract by the contractors, but depends upon the amount due by the owner to the contractors at the time of the service of the cautionary notice upon the owner and the amount due the sub-contractors for labor performed and materials furnished, but not to a greater extent than the amount of the original contract. The owner may not defeat the right of sub-contractors to recover by merely showing that he has settled in full with the contractors.

3. Sub-contractors do not waive or forfeit their right to a mechanic's lien by taking the promissory note of the contractors for what was due them, unless the parties agreed that the note should have the effect of extinguishing the lien or such was their intention.

4. Under the provisions of section 2213 of the General Statutes, sub-contractors may resort to the remedy prescribed by sub-section 3 of section 2212 of the same statutes and enforce the mechanic's lien by an ordinary suit at law and the levy of the execution obtained therein on the property on which the lien is held; the contractor or the person for whom the labor was performed or the materials furnished must be made a party defendant; the judgment may provide for the recovery from the contractor the amount due by him, and from the owner the amount due by him to the contractor at the time of the service of the written cautionary notice provided for by section 2211, as well as decree and enforce the lien against the property of such owner for such amount.

5. If a review of the refusal of the court to permit the defendant to file a demurrer and additional pleas is desired, these papers should be evidenced to the appellate court in a bill of exceptions.

6. Where the charge of the court embraces two or more distinct propositions of law and was excepted to as a whole, such exceptions must fall if one proposition is correct.

7. Although the owner may have paid the contractors all that was due them under their contract to furnish materials and perform

the work for the erection for him of a certain dwelling house, still he would be liable for any amount due the sub-contractors on their contract to the extent of the amount unpaid by him to the contractors at the time of the service on him of the cautionary notice provided for by section 2211 of the General Statutes.

8. The appellate court is unable to determine whether the trial court erred in excluding certain papers not set out in the bill of exceptions.

9. In a suit by sub-contractors to enforce a mechanic's lien, if they were otherwise entitled to recover, they would not be limited in such recovery to the amount due them at the time of the abandonment of the contract by the contractors, but they may recover the amount due them for work done and materials furnished while the surity company continue to perform the contract for the contractors.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Duval County.

### STATEMENT.

On the 7th day of July, 1906, the plaintiff in error, R. L. Stringfellow, entered into a written agreement with Jones and Bell whereby they were to provide all materials and perform all the work for the erection and completion for him of a brick veneered dwelling house on a certain described lot of ground in the city of Jacksonville, Florida.

On the 9th day of July, 1906, Jones and Bell entered into a contract with the defendants in error Coons and Golder, whereby the latter firm agreed to furnish all the labor and material to do and complete the plumbing, gas fitting, heating, roofing and metal work of the said Stringfellow's dwelling for the sum of $2,-

500.00, eighty per cent. to be paid as the work progressed and the balance when the work was completed.

On the 24th day of July, 1906, Coons and Golder delivered to R. L. Stringfellow a notice in words and figures as follows:

"July 24, 1906.

R. L. Stringfellow, Esq.,

City.

Dear Sir:—

We are furnishing the labor and material for the plumbing, gas fitting, heating, roofing and metal work -of your new residence on Riverside Ave. to Messrs. Jones and Bell, general contractors, please accept this notice to cover requirements of an act of the Legislature regarding liens, our contract is for two thousand five hundred dollars, $2,500.00.

Yours truly, Coons & Golder."

After the service of this notice Mr. Stringfellow made payments to Jones and Bell under their contract as follows: In August, 1906, twelve hundred dollars, in September sixteen hundred dollars, in October one thousand dollars, in November sixteen hundred dollars, in December seven hundred and seventy- five dollars, and in January, 1907 seven hundred dollars, making a total of $6,875.00.

Coons and Golder received on acount of their contract $1,532.33. In addition to this amount Jones and Bell gave them a thirty day note for $243.00, for which they were credited on Coons and Golder's books, but the note not being paid at maturity the entry of credit therefor on the books was erased and the note was returned to Jones and Bell and destroyed by .them after the lapse of several months and before the trial of this case. Mr. Stringfellow refusing to pay the balance of $967.67

claimed by Coons and Golder, they entered suit against him and Jones and Bell.

The declaration was filed in the Circuit Court for Duval county on the 5th day of August, 1907. On the 9th day of October, 1907, a judgment by default was entered against all the defendants for failure to plead or demur. On the 25th day of November, 1907, the default was vacated as to Stringfellow and he was required to plead instanter. This he did by pleading that he never was indebted and he did not promise as alleged. Issue was joined on these pleas. On the 7th day of February, 1908, the court denied a motion made by the defendant Stringfellow to dismiss this suit, and on the 25th day of May following the court denied the same defendant leave to file a demurrer to the declaration and additional pleas. On the last mentioned date a trial was had, the jury rendering a verdict in favor of the plaintiffs for $900.00, and a final judgment was entered in words and figures as follows:

"It is therefore considered by the court that the said plaintiffs, James Coons and E. G. Golder, copartners doing business under firm name and style of Coons and Golder, do have and recover of and from the defendants J. L. Jones and W. G. S. Bell, copartners doing business under firm name and style of Jones and Bell, and R. L. Stringfellow, the sum of nine hundred ($900) dollars for their damages sustained. It is further ordered by the court that said plaintiffs do have and recover of and from the said defendants an additional sum of ten per cent of the sum of nine hundred dollars, to wit: Ninety dollars, which sum of $90 is allowed said plaintiffs by the court as and for attorneys' fee, aggregating the sum of $990 to be recovered by said plaintiffs from said defendants besides their costs herein expended and taxed at $25.37, for which let execution issue."

A motion in arrest of judgment was denied, a motion for a new trial was overruled, and the defendant sued out a writ of error returnable to the present term of this court. A fuller statement of the pleadings and other pertinent facts will be given in the opinion.

*A. H. King,* for Plaintiff in Error;

*C. B. Peeler,* for Defendants in Error.

PARKHILL, J.—(*after stating the facts*)—There are twenty-one assignments of error, the first, second, fourth and eighth being expressly abandoned.

Passing by other assignments of error to consider them more advantageously later on, we will direct our attention now to the twelfth assignment which is based upon the refusal of the court to charge the jury as follows:

"1. The court charges you that if you find from the evidence or admissions in the plaintiffs' declaration that the defendant Stringfellow promptly upon receipt of notice of plaintiffs of their intention to hold a lien upon his house, he notified them in writing in reply thereto that they were not to hold his property for any service or material performed for the contractors, and that he would in no wise be responsible to plaintiffs, but that they must look to the contractors and that thereafter his dealings with plaintiffs did not alter his dealings as expressed in this reply, then you cannot find for the plaintiffs, as there was no privity between them and the defendant Stringfelow."

This instruction was properly refused. Under the provisions of section 2211 of the General Statutes of 1906, any person not in privity with the owner of land, who is about to furnish materials or perform

labor by himself, or others, under a contract with the contractor for the erection of a house upon the land may deliver to the owner or his agent a written cautionary notice that he will do certain work, or will furnish certain material, or both; and a lien exists upon such owner's land from the time of the service of the notice for the amount unpaid on the contract of and by the owner to the contractor or the person for whom the work was done or the material furnished. Such service also creates a personal liability against the owner of the property in favor of the lienor giving such notice for the amount due him as aforesaid, but not to a greater extent than the amount of such original contract. McDonald v. Erwin, 53 Fla. 1079, 43 South. Rep. 872; Mullikin v. Harrison, 53 Fla. 255, 44 South Rep. 426.

The charge requested by the defendant flies in the very teeth of the statute. The lien afforded by the statute may not be suspended by the declaration of the owner that the plaintiffs are not to hold his property for services rendered or material furnished for the contractors and that they must look to the contractors.

The thirteenth and fourteenth assignment of error may be considered together. They complain of the refusal of the court to give the following instructions, as requested by the defendant: "2. If you find from the evidence that the contractors Jones and Bell failed in the performance of the contract, permitted a breach thereof so as to release Stringfelow from his performance to them thereunder, and that at such time Stringfellow paid for all work performed by said contractors, and by plaintiffs, and that plaintiffs had knowledge thereof, and that thereafter Stringfellow had no connection with plaintiffs in a business way, then you should find for the defendant Stringfellow. 3. The court charges you that, unless it has been proven that there is some amount or

sum due  from Stringfelow to Jones and Bell at the time
of their abandonment of the contract by Jones and Bell,
and further that after that time the plaintiffs did work
on the building for Stringfellow, you must find for the
defendant Stringfellow."

It is sufficient to say that the second instruction was
properly refused, because it did not require the evidence
to show that Stringfellow not only paid for all work
performed by the plaintiffs, but also that the plaintiffs
themselves received what was due them.

The extent of the liability of the defendant and of
the lien in favor of the plaintiffs is in no way limited or
affected by the state of accounts between the owner and
the contractors at the time mentioned, but rather de-
pends upon the amount due by the owner to the contrac-
tors at the time of the service of the cautionary notice
upon the owner Stringfellow and the amount due the
plaintiffs for labor performed and materials furnished,
but not to a greater extent than the amount of the orig-
inal contract.   The defendant may not defeat the plain-
tiffs' right to recover by merely showing that he has set-
tled full with the contractors.   Without saying more,
we think the court committed no error in refusing to
give these instructions, and what we have said disposes
of the fifteenth, seventeenth and eighteenth assignments,
also, which have been submitted upon the argument made
in support of the fourteenth assignment.

The sixteenth assignment of error is based on the
court's refusal to charge the jury as follows:   "The
court charges you that, under the evidence, the note
given by Jones and Bell for $240.00 was accepted by
them as a credit on account of their contract, that this
would destroy any claim of lien for services rendered
this amount, and if you should find for the plaintiffs,
your verdict will be reduced by this amount."

We do not think, in view of the evidence on this point, the court could assume that the note was acceptel by the plaintiffs as a credit on account of their contract. The evidence for the plaintiffs tended to prove that the contractors, Jones and Bell, gave the plaintiffs their thirty day promissory note for $243.00. This note was not paid. At the time it was given, the plaintiffs gave Jones and Bell credit for the amount on their books, but when the note was not paid at maturity, the credit entry was erased, and, after holding the note for nearly a year, the plaintiffs returned it to Jones and Bell and it was destroyed before the trial of this case. Mr. Coons testified that the total amount of money paid the plaintiffs on their contract was $1,532,33, and that this sum did not include the note for $243. It was made to appear that the plaintiffs surrendered the note and it was not enforceable against the makers. 27 Cyc. 271. The fact that the plaintiffs upon receiving the promissory note credited the amount upon their books does not conclusively establish that the note was taken in payment so as to defeat the lien. 27 Cyc. 272. The plaintiffs did not waive or forfeit their right to a lien by taking the promissory note of the contractors for what was due them, unless the parties agreed that the note should have the effect of extinguishing the lien or such was their intention. 27 Cyc. 267, 272; 20 Am. & Eng. Enc. Law (2nd ed.) 498. In view of the state of the evidence on this point, we think the court was justified in refusing to give the instruction as it was requested by the defendant. The effect of the plaintiffs action with reference to the note was a question for the jury.

The nineteenth assignment of error is based on the general charge of the court. It embraces two or more distinct propositions of law and was excepted to as a whole. Such an exception must fall for the charge con-

tains one correct proposition. From the views already expressed by us, however, it follows that the court committed no error in its general charge.

The twentieth assignment of error is based on the court's refusal to dismiss this cause or to arrest the judgment. Under this assignment is presented the proposition that the court was without jurisdiction because this action was brought under sub-section four of section 2212 of the General Statutes, in defiance of section 2213 of the same statutes, and therefore the declaration fails to state a cause of action.

Under the provisions of section 2213, the plaintiffs may resort to the remedy prescribed by sub-section 3 of section 2212 and enforce their lien by an ordinary suit at law and the levy of the execution obtained therein on the property on which the lien is held; the contractor or the person for whom the labor was performed or the materials furnished must be made a party defendant; the judgment may provide for the recovery from the contractor the amount due by him, and from the owner the amount due by him to the contractor at the time of the service of the written cautionary notice provided for by section 2211, as well as decree and enforce the lien against the property of such owner for such amount.

The allegations of the second count of the declaration fall clearly within these provisions of the statute regulating the remedy in a case of this kind, and are good against a general demurrer. The declaration contains one good count, the court had jurisdiction of the subject matter and of the parties. The motion to dismiss and to arrest the judgment were properly overruled.

The tenth and eleventh assignments of error are predicated upon the court's refusal to permit the defendant to file a demurrer and additional pleas. These papers are not evidenced to us in a bill of exceptions. As they

were not properly filed, they are not a part of the record proper. They should have been brought here in the bill of exceptions, if a view of the ruling of the court rejecting them is desired. Muller v. Ocala Foundry & Machine Works, 49 Fla. 189, 38 South. Rep. 64.

The seventh assignment of error is: The court erred in sustaining plaintiff's objection to the following question propounded to R. L. Stringfellow, defendant, a witness in his own behalf: "Do you owe Messrs. Jones and. Bell or any one anything on that contract?" The question appears in the bill of exceptions as follows: "Do you now owe Messrs. Jones and Bell or any one anything on that contract?" The difference in the form of the question is so slight as not to be of much importance. The court did not err in its ruling on the objection to this question. Under our view of the law, it was immaterial whether the defendant owed Jones and Bell on their contract. We suppose the question has reference to the contract between the defendant and Jones and Bell. Even though the defendant did not owe Jones and Bell anything, even though the defendant had paid Jones and Bell all that was due them under their contract, still he would be liable for any amount due the plaintiffs on their contract to the extent of the amount unpaid on the contract by him to the contractors Jones and Bell at the time of the service of the cautionary notice.

The third, fifth and sixth assignments may be considered together. One of them relates to the propriety of the exclusion of a question propounded by the defendant to the witness Rutledge Holmes, as to the value of the work done and material furnished by Coons and Golder up to the time of the abandonment of the contract by Jones and Bell. Another assignment relates to the court's sustaining plaintiff's objection to the introduction in evidence of a letter from C. M. Lowe, the agent of

Bond Company to Rutledge Holmes, supervising archi-tect and a paper which the witness Holmes said was a contract he received from Mr. Lowe; but neither the letter nor the other paper appears anywhere in the bill of exceptions, and this court is unable to say whether the trial court erred in excluding them.

The evidence tends to show that the contractors, Jones and Bell, abandoned their contract in January or February, 1907, that is, they could not complete the work, and thereupon the LeBannon Company, a surety company, through its representative, a Mr. Lowe assum-ed the completion of the contract for Jones and Bell in their name. Mr. Bell became the general foreman for Mr. Lowe, and signed the architect's certificate so that Mr. Lowe could collect payments due under the con-tract from the defendant. The architect, Rutledge Holmes, testified: "I started to issue certificates in January for work done and materials furnished. I have stub which shows that I issued a certificate dated April 10th, the payments were made to Jones and Bell. I know because I have seen Mr. Lowe's endorsement as agent, he having received the money from Mr. String-fellow. Mr. Lowe was agent of the bond company."

If the plaintiffs were otherwise entitled to recover, they would not be limited in such recovery to the amount due them at the time of the abandonment of the contract by Jones and Bell, but could recover the amount due them for work done and material furnished after the LeBannon Company continued to perform the contract for Jones and Bell. When the surety undertook to complete the contract, it took the place of the contractor. Harley v. Mapes Reeves Const. Co., 33 Misc. Rep. (N. Y.) 626, 68 N. Y. Suppl. 191; 20 Am. & Eng. Enc. Law. (2nd ed.) 468.

The twenty-first assignment of error is based upon

the overruling of the motion for a new trial. The subject matter of this motion has been considered and discussed.

Finding no error, the judgment is affirmed.

Per Curiam.

Mr. Justice PARKHILL being absent on account of illness the foregoing opinion prepared by him is concurred in as the opinion of the court and the judgment is affirmed.