U. G. STATON COMPANY, *Appellant,* v. L. SMITH STEEL COMPANY, ET AL., *Appellees.*

Division B.

Opinion Filed May 22, 1928.

Petition for Rehearing Denied June 23, 1928.

*G. P. Garrett* and *W. J. Steed,* Attorneys for Appellant;

*Stockton, Ulmer & Murchison,* Attorneys for Appellees.

PER CURIAM.—For the purpose of this opinion U. G. Staton Company, Bass Construction Company, Fletcher and Crawford Company and L. Smith Steel Company are necessary parties. All other parties named in the pleadings may be discarded. U. G. Staton Company, appellant, owned a lot in Orlando, Florida. It executed a contract with Bass Construction Company, a Florida corporation, to construct a hotel at a cost of something more than One Hundred Thousand Dollars on said lot. Fletcher and Crawford Company appear to have had a contract to furnish all material for the construction of said hotel and along with other material it furnished $5,850.00 worth of structural steel therefor purchasing same from appellee, L. Smith Steel Company.

On October 22nd, 1924, the structural steel account had

been reduced to $4,990.49 when L. Smith Steel Company procured and served on U. G. Staton Company its cautionary notice as provided by Section 3518 Revised General Statutes of Florida. After service of said notice further amounts were paid on the steel account reducing it to $3,750.00. A trade acceptance approved by Bass Construction Company was given to the L. Smith Steel Company dated October 22nd, 1924, payable in forty-five days in the sum last above named. U. G. Staton Company agreed at the time the trade acceptance was delivered that if L. Smith Steel Company would withhold its cautionary notice from record it would pay the same at maturity. On December 20th, 1924, the trade acceptance not having been paid the cautionary notice to hold the lien was filed in the office of the Clerk of the Circuit Court of Orange County.

December 20th, 1924, L. Smith Steel Company filed its bill of complaint against U. G. Staton Company and others to foreclose its said lien. Demurrers to the bill were filed by all defendants which were in due course overruled. Answers were then filed, testimony was taken and on final hearing the chancellor entered his decree finding U. G. Staton Company and Bass Construction Company to be indepted to L. Smith Steel Company in the sum of $3,750.00 with interest from October 22nd, 1924. Appeal was taken from that final decree.

It is contended by appellant (1) That Fletcher and Crawford Company were independent contractors, that they dealt directly with Bass Construction Company in furnishing material and were in no respect the agent of U. G. Staton Company, consequently L. Smith Steel Company has no claim against U. G. Staton Company; (2) If any lien ever existed in favor of appellee it was cancelled by the execution and acceptance of the trade acceptance; and (3) After the trade acceptance was executed and accepted all

amounts owed for the steel were paid to the contractor by U. G. Staton Company.

The question of agency was one of fact to be determined by the chancellor and the record amply supports his finding on this point. The effect of the trade acceptance and other points of law raised are fully settled by the decision of this Court in Stringfellow v. Coons, 57 Fla. 158, 49 Sou. Rep. 1019. The record has been carefully examined and on the facts presented the final decree of the chancellor was correct and is affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.