W. G. TILGHMAN AS SURVIVING PARTNER OF N. J. TILGHMAN & SONS, *Plaintiff in Error*, v. THE UNITED STATES FIDELITY & GUARANTY COMPANY, OF BALTIMORE, MARYLAND, A CORPORATION, *Defendant in Error*.

En Banc.

Opinion Filed July 31, 1925.

Petition for Rehearing Denied October 20, 1925.

1. Section 2212. General Statutes, provides four methods for the enforcement of liens by persons in privity with the owner. Three of them are: By bill in equity, action at law, and the special statutory method in which the declaration sets out the manner in which the lien arose, the amount for which it is held, the description of the property and contains a prayer that the property be sold to satisfy the lien.

2. Section 2104, General Statutes, makes provision for attachments in aid of foreclosures of mortgages on personal property. Such attachments are statutory chancery writs and are not subject to attack by the method of attacking attachments

in the ordinary action at law; that is, by an affidavit traversing the affidavit upon which the writ of attachment issued, trial on the issues, thus made up and dissolution of the attachment. The writ is in the nature of an injunction; creates no lien upon the property which already exists by virtue of the mortgage and serves merely to hold the property within the court's jurisdiction.

3. Section 2214, General Statutes, provides that any person holding a perfected lien under the statute law providing for liens in favor of laborers and mechanics may attach the property upon which he holds such perfected lien in the same manner provided for attachment in aid of foreclosure of mortgages.

4. Section 2214, General Statutes, provides a remedy in favor of the holder of perfected liens and is not dependent upon such person's seeking the enforcement of his lien in chancery.

5. Where a lienor has obtained a statutory chancery writ in aid of the enforcement of his perfected lien by the special statutory method provided by Section 2214, General Statutes, and the property has been redelivered to the defendant upon a forthcoming bond conditioned to have the property forthcoming and to abide the final order of the court an order of the court dissolving the attachment does not discharge the sureties upon the bond given for the forthcoming of the property.

6. In a proceeding where a lienor seeks to enforce a perfected lien upon personal property by the special statutory method and obtains a statutory chancery writ to retain the property within the court's jurisdiction, the final order of the court in such proceeding is the order directing a judgment for the plaintiff declaring a lien upon the property, and directing execution against it, or the order of dismissal of the cause.

7. The sureties upon a forthcoming bond given upon the redelivery of property held by the statutory chancery writ are liable to the obligee upon the condition of the bond being broken, viz.: failure to have the property forthcoming to abide the court's final order.

A Writ of Error to the Circuit Court for Putnam County; A. V. Long, Judge.

Judgment reversed.

W. *Walton* and J. W. *Blackwell,* for Plaintiff in Error;

*Hilburn & Merryday,* for Defendant in Error.

ELLIS, J.—In May, 1918, the plaintiff in error brought an action against The United States Fidelity & Guaranty Company upon a forthcoming bond upon which it was surety and which was executed by it in May, 1913, to W. G. Tilghman for himself as surviving partner and trustee for the estate of John Q. Tilghman, deceased.

W. G. Tilghman, for himself and in his representative capacity, as above stated, had brought an action at law against C. E. Melton to enforce a perfected lien against certain sawn lumber, the property of Melton, and obtained a writ of attachment against the lumber, which was taken into the custody of the sheriff under the writ. In March, 1914, Tilghman amended his declaration in the proceeding to enforce his lien and the cause came to trail on April 27, 1915, and he obtained a judgment against Melton in the sum of $1,494.87 and $149.48 as attorney's fees, which judgment declared a lien in favor of the plaintiff upon the particular property described in the declaration and which was taken in attachment.

That judgment was affirmed by this Court in 1916 and the order dissolving the attachment, which was made by the trial court at the same time the judgment was entered, was not reviewed. See Tilghman v. Melton Lumber Co., 72 Fla. 36, 72 South. Rep. 369.

The execution which was issued on the judgment is in the

hands of the sheriff unsatisfied and the defendant in this case, The United States Fidelity & Guaranty Company, has not produced the property attached to abide the order of the court as the condition of the bond provided. This action was to recover the penalty of the bond.

The defense, as set out by two pleas, was that the order dissolving the attachment discharged the obligation on the forthcoming bond. A demurrer to these pleas was over-ruled.

It is undertaken by the record proper to show that the plaintiff then asked leave to file replications to the pleas alleging that as the attachment was in aid of the "fore-closure at law of a perfected lien" the defendant's traverse of the allegations in the affidavit of attachment was not the proper procedure in the cause and the court was without jurisdiction to make the order dissolving the attachment; that the forthcoming bond was "given in lieu of and took the place" of the property attached which was then re-leased and the bond therefore "became and is subject to the perfected lien" on the lumber and was not discharged by the order dissolving the attachment; that by executing the forthcoming bond the defendant waived irregularities in the attachment proceedings and is now estopped from denying its liability thereunder.

But these proffered pleadings should have been evidenced to this court by a bill of exceptions if a review of the court's refusal to permit them to be filed was desired. See Stringfellow v. Coons, 57 Fla. 158, 49 South. Rep. 1019.

There was a trial. The court directed a verdict for the defendant and judgment was entered in its behalf. The plaintiff took a writ of error.

Among other points discussed the plaintiff urges that the action against Melton was "an action at law to foreclose a

perfected statutory lien under the special remedy provided in Paragraph No. 4 of Sec. 2212, Gen. Stats. 1906, and the attachment taken out was not an ancillary attachment, but an attachment in aid of foreclosure of such perfected lien, taken under, and authorized by, Sections 2214 and 2104, Gen. Stats. Fla. 1906.'' This point is presented by the demurrer to the pleas.

In the case of Tilghman v. Melton, *supra*, this court referred to the case as an ''action of assumsit with ancillary attachment.'' It affirmed the judgment which was for the plaintiff but declined to review the action of the court in dissolving the attachment because the grounds of the motion to dissolve the attachment and the matters in support thereof did not appear in the transcript.

Counsel in that case seemed to assume that the dissolution of the attachment prevented the plaintiff from taking judgment against the sureties on the forthcoming bond which it appears in the case at bar was given under the provisions of Section 2116, General Statutes. If that assumption was incorrect the action of the court in dissolving the attachment was harmless, because the property, being restored to the defendant under the forthcoming bond, was released by that act from the attachment, which being issued in the same manner provided for attachment in aid of foreclosure of mortgages was not subject to attack as are writs of attachment at law. See Alford v. Leonard, — Fla. —, 102 South. Rep. 885, which holds that such attachments in aid of foreclosure are not subject to such attack.

Chapter 8477, Laws of Florida, 1921, which provides that attachments issued in aid of foreclosure shall be subject to motion to dissolve as other writs of attachment, has no application to this cause, because its passage postdated the judgment in the case against Melton several years. The

action being one at law under paragraph 4 of Section 2212, General Statutes, Section 2214 General Statutes was applicable, which provides, among other remedies in favor of a person entitled to a lien, that "if the lien shall have been perfected" he may attach the same in the manner provided for attachment in aid of foreclosure of mortgages.

Section 2104, General Statutes, provides that:

"Any creditor who may be commencing or who may have commenced a suit to foreclose a mortgage on personal property, the possession of which has remained in the debtor, may have an attachment against such property, whenever he shall make an affidavit sworn to by himself or agent and file the same in the court in which proceedings are being had, that he has reason to believe and does believe—

"1. That said property or part of same will be concealed or disposed of so that it will not be forthcoming to answer a judgment or decree upon foreclosure.

"2. That said property or part of same will be removed beyond the jurisdiction of said court.

"3. That said property or part of same is of a perishable character and is being used and consumed by the mortgagor or other parties."

Now the case of Alford v. Leonard, *supra,* holds that Section 3405, Revised General Statutes, which was Section 2104 General Statutes, provides merely a statutory chancery writ and it is under the control of the chancery court foreclosing the mortgage. That such attachments are not subject to attack as are writs of attachment at law and that proceedings for their discharge must be taken under the rules of chancery practice. That case also held that property so attached and retaken by the defendant under the provisions of Section 3418, Revised General Statutes, 1920, require no order from the court for the restoration of the property and the sureties on such bond render themselves

liable to a decree against them for the amount of the debt. See Weston v. Jones, 41 Fla. 188, 25 South. Rep. 888.

This is equally true where the property is restored to the defendant under the provisions of Section 2116, General Statutes, Section 3417, Revised General Statutes. See Section 2128, General Statutes; Hooks v. Farmers' Union Warehouse Co., 62 Fla. 496, 56 South. Rep. 501.

The following allegations of the declaration are admitted by the pleadings: First, the plaintiff instituted his action at law against Melton to enforce a perfected lien against certain sawn lumber, the property of Melton; second, the plaintiff obtained a writ of attachment against the sawn lumber upon which he held a perfected lien; third, that upon the day the property was attached Melton, with the defendant in this case as surety, executed a forthcoming bond payable to the plaintiff conditioned that Melton should have the property levied upon forthcoming at the next term of the Circuit Court in and for Putnam County, and at each successive term thereafter, until said cause shall have been determined, and abide the final order of the court therein; fourth, that a judgment was obtained by the plaintiff declaring a lien in his favor upon the particular property upon which the perfected lien was held, which was described in the declaration and affidavit of attachment and which was held by the sheriff under the attachment and the identical property "secured to be forthcoming by said bond;" fifth, that the execution, which was issued upon the judgment, remains in the sheriff's hands unsatisfied and Melton and the defendant have failed and refused to have the property forthcoming to abide the order of the court.

The bond was taken and approved by the sheriff and was in the sum of twenty-five hundred and eighty-one dollars and fifty cents, less than double the amount of the demand

but twice the value stated in the bond of the property attached. It was given under the provisions of Section 2116, General Statutes, to the officer levying the attachment and was made payable to the plaintiff as the statute requires. In the verdict rendered for the plaintiff against Melton the jury did not find the value of the property retaken.

Section 2197, General Statutes, declares a lien to exist prior in dignity to all others accruing thereafter in favor of any person, by himself or others cutting, rafting, running, driving or performing other labor upon logs or timber of any kind on such logs and timber or any article manufactured therefrom. Under Section 2210, General Statutes, the lien provided for in the former section is acquired by performance of the labor.

Under these facts may the defendant traverse the allegations of the affidavit required to be made to obtain the attachment and on the plaintiff's failure to sustain them obtain a dissolution of the attachment and consequent release of the defendant and his sureties on the forthcoming bond?

If the question is answered in the negative the judgment should be reversed; otherwise, if answered in the affirmative.

The statute provides that in case of a perfected lien the plaintiff may attach the property on which the lien exists in the same manner provided for attachment in aid of foreclosure of mortgages. That is to say, in such cases the attachment on the property serves the same purpose and no other as an attachment in aid of the foreclosure of a mortgage. That is an equitable attachment which is obtainable to the end that the property may be retained in the custody of the sheriff until the judgment of foreclosure be obtained. An analogous proceeding is an action at law to enforce a

10—Vol. 90.

perfected lien; the statute giving the same aid by attachment as is given in an equitable cause to foreclose a mortgage upon the property attached.

Section 2212, General Statutes, provides four methods for the enforcement of liens by persons in privity with the owner. The first is by retention of the property on which the lien is held for a period not exceeding three months; the second by a bill in equity; third, by an ordinary suit at law and levy of the execution obtained on the property on which the lien is held, and fourth, by a suit at law in which the declaration shall state the manner in which the lien arose, the amount for which the lien is held, the description of the property and a prayer that the property be sold to satisfy the lien, etc. The second and fourth methods are similar in all respects except that one suit is in equity, the other in law.

Section 2214 provides that a person entitled to a lien, if the same shall have been perfected, may attach the property on which the lien is held in the same manner provided for attachment in aid of foreclosure of the mortgages. The validity of this statute is not questioned. It is not contended that the Legislature has no power thus to secure to a lien holder of a perfected lien the same advantage in law as he would have in equity in the enforcement of the lien.

There is no essential difference between the two attachments resting on the character of the principal cause, whether it be in equity or at law. The cause of action is identical in each case, viz: the existence of a perfected lien upon personal property which remains in the hands of the defendant. In each case the owner of the lien may go into equity or into law to enforce his lien. The attachment issued under the conditions named holds the property within the jurisdiction of the court to abide its decree or judgment. The redelivery bond takes the place of the property

attached, the statute prescribes the condition of such bond. Judgment in the principal action may have been entered against the sureties if the value of the property retaken by the defendant had been found by the judge or the jury and stated in the finding or verdict. See Sec. 2128, General Statutes; Hooks v. Farmers Union Warehouse Co., *supra*.

This is true because the bond was payable to the plaintiff and conditioned as the statute requires. The dissolution of the attachment upon a traverse of the affidavit when the property attached was not within the jurisdiction of the court was a manifest contradiction because the only purpose of the attachment was to.guard against that very situation so the judgment of the court declaring the lien could be executed upon the property. The intended removal of the property from the jurisdiction of the court was the sole reason for the attachment. And to hold that a judgment should be entered against property which had been removed from the court's jurisdiction and declare the existence of a lien upon it and at the same time dissolve the attachment and release the sureties and principal on the redelivery bond is to produce a situation anomalous upon its face. The very reason supporting the judgment declaring a lien to exist upon the property should preclude the sanctioning of its removal from the jurisdiction of the court.

The attachment did not create the lien; that was created and was perfected before the action to enforce it was begun. The purpose of the attachment was not to create a lien but merely to hold property upon which a lien existed to abide the court's judgment. In the absence of an attachment purchasers of the property would take it subject to the perfected lien; the attachment simply prevented its removal from the court's jurisdiction. The redelivery bond was accepted under the statute in place of the property so the

judgment of the court, in the event it was found that a lien existed, could be enforced.

In this view of the case it follows that the order overruling the demurrer to the pleas was erroneous. So the judgment is reversed.

WEST, C. J., AND TERRELL AND BROWN, J. J., concur.

WHITFIELD, J., concurs specially.

WHITFIELD, J., concurring.

Writs of attachment obtained under the statute in aid of suits at law to enforce perfected statutory liens upon personal property, are by analogy to the decision in Weston v. Jones, 41 Fla. 188, 25 South. Rep. 888, in effect "statutory chancery writs," and prior to Chapter 8477, Acts of 1921, they were "not subject to attack as are writs of attachment at law" in actions of assumpsit. See Alford v. Leonard, — Fla. —, 102 South. Rep. 885. Such writs in aid of foreclosure proceedings are not issued to obtain liens, but merely to secure within the jurisdiction of the court, the presence of the property upon which a perfected statutory lien already exists. When the action as brought under the statute to enforce the perfected statutory lien in this case, the statutes did not contemplate that the property could be retaken as of right by the defendant in foreclosure proceedings upon giving a bond conditioned to "have the property forthcoming * * * and abide the final order of the court," as in actions at law in assumpsit; and the court had no authority to dissolve the attachment as in ordinary law actions in assumpsit. The property was not released under an order made in the foreclosure proceedings, and the defendant at that time had no right to a redelivery of the property on a statutory forthcoming bond;

therefore the bond given was in effect a common law bond; and as there could then be no final order dissolving or sustaining the attachment where the attachment is in aid to foreclosure proceedings, the condition of the bond that was given to "abide the final order of the court," could legally have reference only to the final order or decree in the foreclosure proceedings in aid of which proceedings the attachment was issued pursuant to the statute; consequently the attempted dissolution of the attachment did not affect the liability of the sureties on the defendant's common law bond given in this case to indemnify the plaintiff for defendant's failure to have the property forthcoming to abide the final order of the court enforcing the lien that existed upon the property independent of the writ of attachment. Since this cause of action arose, Chap. 8477, Acts of 1921, has been enacted, but it does not affect the disposition of this cause involving contract rights.

STRUM, J., concurs.

### ON PETITION FOR REHEARING.

1. In a statutory action for the enforcement of a perfected lien when an attachment has issued at plaintiff's request an order of the court, dissolving the attachment upon a traverse of the allegations of the affidavit required by the statute to be made and a jury finding for the defendant, does not discharge the sureties upon the bond given by the defendant to have the property forthcoming to abide the final order of the court.

2. The final order of the court in such case is the final order in the statutory proceeding for the enforcement of the lien.

Petition denied.

*J. V. Walton* and *J. N. Blackwell*, for Plaintiff in Error;

*Hilburn & Merryday*, for Defendant in Error.

ELLIS, J.—The point presented by the demurrer to the plea, as mentioned in the opinion, was that the dissolution of the attachment in the action by Tilghman against Melton did not discharge the forthcoming bond and release the surety.

This court did not hold that the order of the trial court dissolving and discharging the attachment in the Tilghman-Melton case was erroneous, but that its effect was not to release the surety upon the forthcoming bond. The petitioner is in error in stating that this Court reviewed the trial court's order in the first case. It merely held in accordance with the point presented by the demurrer that the order's effect was not to release the surety on the forthcoming bond. The distinction between declaring an order to be erroneous and declaring that it does not have a certain effect is apparent.

It is quite true that both Tilghman and Melton are bound by the orders and judgments made and entered in the first case; but to put an interpretation upon one or the other which it will not bear and ascribe to it an effect which it does not have and say such is the order is another proposition altogether.

What we held in the opinion was that the order dissolving and dismissing the attachment did not discharge the surety upon the bond.

The pleas were not set out in full in the opinion; nor, indeed, was it necessary. It may be just as well, however, to mention the fact that the pleas averred that the order was entered upon the 27th day of April, 1915, which was the same day upon which the judgment was rendered against Melton in favor of Tilghman declaring a lien in the

latter's favor upon the property described in the forthcoming bond.

The property was a quantity of sawn lumber. The perfected lien was declared to exist upon that particular quantity of lumber. The attachment was issued to hold the property within the jurisdiction of the court to the end that the property might be subjected to the enforcement of the lien for which the action had been commenced. The attachment was merely an order in the nature of a writ in chancery requiring the property to be held within the jurisdiction of the court that it might be subjected to the lien.

To construe the order to mean that it was the judge's purpose to release the property, permit it to be taken out of the court's jurisdiction, and then by judgment at the same time declare a lien upon it and order it sold to satisfy such lien, would be to hold that there was trifling with the court's process and by a kind of sophistry defeat the rights of the lienor, the successful litigant, and frustrate the object of the statute under which the lien was acquired and enforced.

The difficulty which the petitioner has seems to grow out of the assumption referred to in the opinion that to release the attachment was to release the sureties upon the forthcoming bond. It being assumed that the phrase in the statute, Section 3417, Revised General Statutes, prescribing the bond's condition, "to abide the final order of the court," means the order in the so-called attachment proceedings; which has been held to be the meaning in cases of ordinary ancillary attachments in proceedings at law, but this was not such an attachment.

The bond given in this case, while in the form of the statute, was merely a common law bond in effect. The "final order of the court" could have no reference to any order except the final order in the statutory proceeding for

the enforcement of the perfected lien. This is necessarily true because, as pointed out in the opinion, the attachment writ is a statutory chancery *writ* under the control of the court foreclosing the mortgage and subject only to the rules of chancery practice.

The giving of the bond, itself, operated to release the property as held by the sheriff; the order was merely declaratory of that effect. The bond became substituted for the property upon which a lien existed, not by virtue of the attachment but by virtue of the statute creating a lien in favor of laborers under the conditions with which the plaintiff had complied.

This is the meaning of the opinion and decision in the case of Weston v. Jones, 41 Fla. 188, 25 South. Rep. 888, as applied to attachments in foreclosure proceedings.

Now, the opinion in this case pointed out that under the provisions of Section 2212, General Statutes, which is 3519, Revised General Statutes, four methods are provided by which all statutory *liens* are enforceable and Section 2214, Revised Statutes, which is 3521, Revised General Statutes, provides that any *person entitled* to a lien upon personal property may "enjoin the removal of the same, in the manner provided for enjoining the removal of property subject to a mortgage or, if the lien shall have been perfected, may attach the same in the manner provided for attachment in aid of foreclosure of mortgages."

The *liens* were enforceable in any of the four methods provided by Section 3519, *supra;* but Section 3521, *supra,* gave to any *person* holding a lien under the statute the additional *remedy* by which the property might be held within the jurisdiction of the court to abide its final order and if it should be a perfected lien the method or manner should be the same as that "provided for attachment in aid

of foreclosure of mortgages'' which, in the Weston case, *supra,* the court said was a ''statutory chancery writ.''

We said in the first opinion that it was not contended that the Legislature has no power thus to secure to a *lien holder* of a *perfected lien* the same advantage in law as he would have in equity in the enforcement of the lien.

Petition for rehearing is hereby denied.

WEST, C. J., AND BROWN, J., concur.

WHITFIELD, J., concurring.

An attachment issued in an action of assumpsit may be the basis of an ancillary proceeding in the cause; but prior to Chapter 8477, Acts of 1921, an attachment issued in aid of foreclosure when there is a perfected lien, was not the basis of an ancillary proceeding. It was merely a statutory chancery writ that could not be dissolved as at law, and though a bond given by the defendant in the foreclosure proceedings is conditioned to ''have the property forthcoming * * * and abide the final order of the court,'' as prescribed by statute for forthcoming bonds in attachment proceedings in law actions, yet as there is no ancillary proceeding in the foreclosure action, the only ''final order of the court'' to which the bond could refer is the final order in the foreclosure action.

The holding of the court in this action on the bond is that the unauthorized dissolution of the attachment in the statutory foreclosure action did not affect the liabilities of the sureties on the bond given by the defendant conditioned to have the property forthcoming ''and to abide the final order of the court,'' the only final order to which the bond could in law refer being the final order in the statutory foreclosure action there being no ancillary attachment proceed-

ings in such action, the writ of attachment when issued in aid of foreclosure being merely a statutory chancery writ and not a part of an ancillary proceeding as it is when issued in ordinary actions at law.

TERRELL AND STRUM, J. J., concur.