CRYSTAL BEACH DEVELOPMENT COMPANY, a corporation, *Plaintiff in Error*, v. DONALD ALVORD, *Defendant in Error*.

Division A.
Opinion filed April 13, 1931.

1404

· *Bussey, Mann & Barton; Wm. G. King, L. D. Martin* and *VanFleet, Collins & Miller,* for Plaintiff in Error;

*McMullen & McMullen* and *Edgar John Philleps,* for Defendant in Error.

ELLIS, J.—Donald Alvord sued Crystal Beach Development Company, a corporation, in an action of assumpsit and covenant joined and claimed fifty thousand dollars damages.

The first seven counts of the declaration consisted of the so-called common counts for goods bargained and sold; for work done; money lent; money paid by the plaintiff; money received by the defendant for the plaintiff's use; account stated and for lands sold and conveyed by the plaintiff to the defendant. There were four other special counts based upon a contract under seal. The contract is attached as an exhibit to the eighth and tenth counts but not made a part of them. It is set out in full in the ninth and eleventh counts.

The eighth count alleges that the defendant agreed to pay the plaintiff the sum of $47,500. in the following manner.

"Twenty Thousand Dollars ($20,000) when the defendant should convey certain land to one W. F. Grose, and the balance of Twenty-seven Thousand Five Hundred when and as certain mortgage notes which were to be given by the said W. F. Grose to the said defendant as part payment of the purchase price of said land became due. The said contract further provided that the said payments from the defendant to the plaintiff should be made proportionately out of said promissory notes so given for the purchase price of said property, as said notes became due."

It is alleged that the defendant had entered into a contract with W. F. Grose for the sale to him of certain lands, the conveyance to be made in January, 1926, at which time Grose's payments should have aggregated one hundred thousand dollars and for the balance of the purchase price Grose agreed to execute five promissory notes each in the sum of $60,000. payable in one, two, three, four and five years respectively from date and to be secured by a mortgage upon the lands. The declaration then alleges that after the defendant had collected seventy-five thousand dollars from Grose on the contract of sale the defendant released and discharged Grose from any "further responsibility or liability on said contract" without the plaintiff's knowledge or consent and "without conveying or offering to convey said property or requiring, or requesting or demanding the execution and delivery of said notes, from said Grose."

The Court concluded with the allegation that by reason of such alleged conduct upon the defendant's part it "defeated the conditions upon the happening of which the plaintiff was to be paid the several sums alleged" and the defendant has failed and refused to pay said indebtedness to the plaintiff or any portion of it.

The tenth count in substance contains the same allegations of fact. There is no material change in the basic facts as alleged upon which the plaintiff rested the alleged cause of action. Each count alleged that upon the date of the contract, which was October 22, 1925, the defendant was indebted to the plaintiff in the sum of forty-seven thousand five hundred dollars, the evidence of which and the terms of payment were reposed in the contract.

The ninth count alleged the indebtedness as existing on the date of the contract which is set out in full. Then follows an allegation that prior to the execution of the contract the defendant represented to the plaintiff that it was selling certain lands to Grose and would convey the land to him in January, 1926, and "that when such conveyance was made the defendant would pay the plaintiff the sum of $20,000, in part payment of said indebtedness"; that the defendant informed the plaintiff that as a portion of the purchase price of the land Grose was to execute the five notes as described above and the defendant would pay the plaintiff the balance of $27,500. "due him under said contract in five equal annual, installments, proportionately as the sum of $27,500 bears to the said sum of $60,000, it being assumed and understood by the plaintiff and defendant that said notes would be executed and delivered by said Grose to the defendant and paid by him upon their maturities and that the defendant *did* in *due course convey* said land to said Grose". The count then alleges that the defendant *did not* convey the property to Grose and did *not* obtain the notes from him but on the contrary "abandoned the sale of said lands to said Grose and released the said Grose from all liability to purchase the same or to execute said notes, all without the knowledge, consent or approval of the plaintiff". The count concludes with an

allegation that the defendant has refused to pay the plaintiff.

The eleventh count contains substantially the same allegations as the ninth. The contract is set out in full, the indebtedness is alleged to have existed on the date of the contract in which the defendant represented that Grose was purchasing the land and the defendant would pay the plaintiff $20,000. when the defendant conveyed the land to Grose and the balance of $27,500. "proportionately out of certain promissory notes, to be secured by a purchase money mortgage, to be given by said Grose as a portion of the purchase price of said land".

It is alleged that the defendant did not convey the land to Grose neither did Grose execute the notes and mortgage but that the defendant abandoned its contract with Grose for the sale of the land without the knowledge or consent of the plaintiff and has failed to pay the indebtedness.

A bill of particulars on the common counts was attached to the declaration as well as the written agreement sued upon which however was not made a part of the declaration. It was however set out in full in the ninth and eleventh counts.

The declaration was filed on October 3, 1927, and on November 7th the defendant pleaded first, never was indebted; second, that it did not promise as alleged.

The record proper contains a copy of an additional plea to the special counts numbered eight, nine, ten and eleven and copies of the defendant's contracts with Grose and the plaintiff. It is stated that the plea was offered on March 30, 1928, "but denied." The record then discloses that on March 30, 1928, the verdict of the jury was filed which was in favor of the plaintiff in the sum of $47,500.

and judgment was entered on the same day. The bill of exceptions discloses that the court directed a verdict for the plaintiff in the sum of $47,500. No motion for a new trial appears in the bill of exceptions. The record proper discloses that an order was made overruling the motion for a new trial on April 19, 1928.

The defendant in the case below seeks to reverse the judgment on writ of error. In the directions to the clerk there was an instruction to copy the "following complete assignment of errors," but no such assignment of errors was copied in the transcript prepared by the clerk notwithstanding his certificate that the transcript contains a "true and correct copy of all such papers and proceedings in said cause, as appears upon the records and files of my office, that have been directed to be included in said Transcript by the written demands of the said parties." It is a mere matter of assumption that an assignment of errors upon which the plaintiff in error relies in the Supreme Court was ever filed. No such assignment is filed in this Court and the transcript contains none.

Treating the assignment of errors described in the instructions to the Clerk as a compliance with Special Rule 2, which it is not, we will proceed with the consideration of the case.

One of the assignments is that the court erred in refusing to allow the defendant to file its "amended, additional plea, with its exhibits thereto". Here we are again confronted with another breach of the rules of practice. Pleas to the declaration were filed in November, 1927. On March 30, 1928, so the record states, "the plea identified as Defendants Exhibit #1 offered but denied, dated March 30th, 1928 subscribed and sworn to before T. Frank Hobson Circuit Judge, together with contract attached thereto as part

thereof in words and figures as follows''. Then follows what is termed ''Defendant's Exhibit No. 1 for Identification Offered but denied''. The document then appearing in the record is not ''an amended, additional plea, with its exhibits'' but in the body of it is described as an ''additional plea to counts 8, 9, 10 and 11, and to each special count of the declaration''. It was sworn to before Judge Hobson but it makes no contract a part of it, neither does the plea offered appear in the bill of exceptions.

We are called upon to assume that the ''amended plea'' referred to in the bill of exceptions but not set out in the bill is the ''amended, additional plea with exhibits'' referred to in the first assignment of error and that both are identical with the proposed plea copied in the record proper as ''additional plea to counts 8, 9, 10 and 11, and to each special count of the declaration''.

This Court has held that a plea filed out of time and rejected by the trial court should be brought to the appellate court in a bill of exceptions if a review of the ruling rejecting it is desired. In order that the ruling of the court in refusing to permit the defendant to file a plea after demurrer to plea sustained may be reviewed in this Court it should be brought up by bill of exceptions. See Muller v. Ocala Foundry & Machine Works, 49 Fla. 189, 38 South. Rep. 64; Stringfellow v. Coons, 57 Fla. 158, 49 South. Rep. 1019; Davant v. Weeks, 78 Fla. 175, 82 South. Rep. 807.

The plea appears to have been tendered out of time, that is to say, months after it was due under the rules. There is no statement in the record that it was filed. If indeed it had been filed it would have presented certain issues in the cause but not having been properly filed it was of course not part of the record and could only have appeared in the bill of exceptions. See also Tilghman v.

U. S. Fidelity & Guaranty Co., 90 Fla. 282, 105 South. Rep. 823; Cosmopolitan Fire Ins. Co. v. Putnal, 60 Fla. 41, 53 South. Rep. 444.

It is obvious therefore that the assignment based upon the order refusing to allow the defendant to file the amended or additional plea to the special counts may not be considered.

Two of the counts, the 9th and 11th, were in covenant upon a sealed instrument. Two other counts, the 8th and 10th, were special counts upon a written agreement not alleged to be under seal. The plea of never was indebted as alleged was applicable to the seven common counts. The plea of never promised as alleged was applicable to counts numbered 8 and 10 and there was no plea as to counts numbered 9 and 11 as neither of such pleas was applicable.

Considering the assignment of errors contained in the directions to the Clerk however as the assignment of errors required by Special Rule 2 there are several assignments which question the sufficiency of the evidence to support the verdict.

In the first place, there is no evidence to support a verdict under the common counts. There was no evidence to prove any transaction out of which the law would imply a promise to pay the plaintiff the amount found by the jury or any amount. There was no evidence of goods sold, money lent, account stated, service rendered or labor performed and the value of the same. There was nothing in support of the special counts except the contract under seal which was submitted in evidence under those counts and there was no default taken on counts numbered nine and eleven.

The contract was an agreement merely to pay a certain sum to the plaintiff when the defendant conveyed certain

lands to Grose and certain other sums from money to be "paid proportionately" out of promissory notes to be given by Grose as they became due. There is no evidence that the land was conveyed or that Grose ever executed his promissory notes to the defendant.

The case seems to have been tried by the parties upon a theory which the pleadings did not disclose. The special counts seemed to be based upon a promise by the defendant to pay the plaintiff certain sums of money when and as certain named conditions arose and that the defendant by its conduct prevented the happening of such conditions to the injury of the plaintiff. There was no evidence in support of such latter allegation and the contract itself shows that the payments were to be made only when the land was conveyed to Grose and when he executed certain promissory notes and they should become due.

The Court should not have instructed a verdict for the plaintiff. His directed verdict for the plaintiff was error. The judgment is therefore reversed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

---

ON REHEARING.

Opinion filed October 7, 1931.

Where it appears from the record that due to misconstruction of the pleadings in a cause there may have been a miscarriage of justice the judgment will be reversed and the parties be allowed to restate the cause of action and defense thereto in appropriate pleadings.

A writ of error to the Circuit Court for Pinellas County; T. Frank Hobson, Judge.

Reversed.

*Bussey, Mann & Barton, Wm. G. King, L. D. Martin* and *VanFleet, Collins & Miller* for Plaintiff in Error;

*McMullen & McMullen, Waller & Pepper* and *Phillips & Thompson,* for Defendant in Error.

PER CURIAM.—On reconsideration of this case the court is of the opinion that while the judgment of reversal shall stand, the parties should file new pleadings consisting of declaration and pleas.

This disposition of the case is made necessary by reason of the apparent confusion in the minds of attorneys and court as to the issues at which the parties should have arrived upon the trial of the cause.

As stated in the opinion the case seems to have been tried by the parties upon a theory which the pleadings did not disclose and it is apparent both from the record and oral argument of counsel that counts nine and eleven of the declaration were not treated by either party as counts in covenant.

Upon a careful re-examination of the record and consideration of the oral argument on rehearing, it is considered that justice will be best subserved by a reversal of the judgment with permission to the plaintiff to restate his case by such declaration as he deems efficient, and to the defendant to interpose such pleas as he may which are appropriate in the action declared upon.

So ordered.

BUFORD, CJ., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, JJ., concur.