GEORGIA FERTILIZER COMPANY, a Corporation, *Appellant,*
vs. P. R. PRIVITT, *Appellee.*
145 So. 840.
Opinion filed January 9, 1933.
Petition for rehearing denied February 6, 1933.

*R. C. Horne* and *J. M. Hearn,* for Appellant;

*Stafford Caldwell, Pettyjohn & Adams* and *Hawthorne H. Richards,* for Appellee.

BUFORD, C. J.—This cause is before us on appeal from order dissolving an attachment in aid of foreclosure.

The contention is made on authority of the opinions in the cases of Alford vs. Leonard, et al., 88 Fla. 532, 102 Sou. 885, and Tilghman vs. U. S. Fidelity & Guaranty Co. of Baltimore, Maryland, 90 Fla. 282, 105 Sou. 823, in which former case it was said:

"The attachment being under the control of the Court, is not subject to attack as are Writs of Attachment at law. Proceedings for their discharge must be taken under the rules of Chancery practice. Therefore, one

who wishes to have his property restored to him pending the foreclosure proceedings in which an attachment has issued but who does not wish to obligate himself by sureties unqualifiedly to pay the amount which may be adjudged to be due, applies to the Chancellor for an order directing the restoration of the property to him, The Chancellor having control of the Writ may in the exercise of his discretion direct such release upon whatever conditions or terms he may deem to be equitable or just."

This enunciation was followed in the latter case, which cited the former opinion with approval.

Chapter 8477, Acts of 1921, was an act to amend section 3405 and section 3411 R. G. S., and it amended section 3405 to provide that writs issued thereunder shall be subject to motion to dissolve as other writs of attachment.

Chapter 8477, Acts of 1921, appears not to have been referred to by this Court either in the case of Alford vs. Leonard et al. supra, or in the case of Tilghman vs. U. S. Fidelity & Guaranty Co., etc., supra, and we must, therefore, assume that this amendment was overlooked and not considered both by the attorneys for the parties in those suits and by this Court.

There is no question in our minds that the legislature was vested with full authority to determine and prescribe that writs of attachment in aid of foreclosure should be subject to motion to dissolve as are other writs of attachment. Therefore, it appears that if this amendment had been brought to the attention of the Court it would not have been disregarded.

In this case the affidavit in attachment was defective in that it did not state that the affiant "does believe" the allegations of the affidavit, but only states that "he has reason to believe." The failure to include the words "and does believe" in the affidavit constitutes a fatal defect, making the affidavit insufficient as a basis upon which to issue the writ of attachment.

The record fails to show reversible error and, therefore, the order appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

ELLIS, J., dissents.