·BENJAMIN H. ROSEN, *Plaintiff in Error,* v. MICHAEL LEVY, *Defendant in Error.*

148 So. 393.
Division B.
Opinion filed April 22, 1933.

· *Joseph Ginsberg* and *W. M. Toomer,* for Plaintiff in Error.

*Sholtz, Green & West,* for Defendant in Error.

BUFORD, J.—This case is before us on writ of error to judgment of the Circuit Court of Volusia County in favor of the plaintiff, defendant in error here.

The briefs were filed prior to the amendment of Rule 20. On page 3 of plaintiff-in-error's brief he says: "The court erred in denying defendant's motion to dissolve the writ of error." We assume that he referred to the writ of attachment. It was contended that the writ of attachment is invalid because it is based upon affidavit made by the plaintiff before a notary public in the State of Illinois. We think there is no merit in this contention. Our statutes only require that affidavit making the required allegations shall be filed in the court from which the writ is to issue and does not require that the affidavit be made in this State. The general rule is, as stated in 6 C. J. 108,

"Unless the officer who may take the affidavit is expressly designated and where the simple administration of an oath is all that is required, affidavits taken before non-resident commissioners in the State, or officers in other jurisdictions having general authority to administer oaths, will be sufficient."

In this case the affidavit was made by a notary public and his authority was shown therefor by certificate of the County Clerk of the County of Cook in the State of Illinois. The cases cited by plaintiff in error, Tanner & DeLaney Engine Co. v. Hall and Mobley, 22 Fla. 391, and First National Bank of Chattanooga v. Willingham, 36 Fla. 32, 18 Sou. 58, are not in point.

It is next contended that the affidavit does not sufficiently state that the debt is actually due. The affidavit states, that "the same is an actually existing debt, and that said debt is now due." Certainly this language is entirely equivalent to the allegation that "the debt is actually due."

It is next contended that the affidavit does not allege positively that the defendant resides beyond the limits of the State of Florida. Our statute provides that a creditor may have attachment upon a debt actually due to him by his debtor whenever the debtor resides beyond the limits of the State of Florida. Sec. 3402 R. G. S., 5255 C. G. L. And further provides that in cases where the debt is actually due such affidavit shall state the amount of the debt, or sum demanded, and that the same is actually due and that affiant has *reason to believe,* in the existence of one or more of the special grounds thereinbefore enumerated in Sec. 5257, stating specifically such special ground, or grounds. Sec. 3407 R. G. S., 5260 C. G. L. The figures Sec. 5257 appear to be typographically incorrect. This section necessarily refers to section 5255, *supra,* as section 5257 does not state any special grounds for attachment.

The affidavit in this case complies with the provisions of this section.

It is next contended that the service of the notice of attachment did not constitute process of court on the defendant. This becomes entirely immaterial because the record shows that the defendant appeared and filed pleas, therefore submitting himself to the jurisdiction of the court.

It is next contended that the court erred in striking pleas and entering default judgment.

The pleas were:

First. Never was indebted; second, never promised as alleged; the third plea was a purported special plea to the effect that the indebtedness was for funds advanced by plaintiff to a co-partnership composed of himself, the defendant and another. This plea was entirely insufficient. The fourth plea was an attempt to plead the statute of limitations but was also insufficient.

It appears from the order of the court that the pleas were stricken because they were not verified as required by court rule and statutes. The pleas in this case appear to have been sworn to before one Ben Rothbaum. The jurat is in the following language:

"STATE OF ILLINOIS
COUNTY OF COOK

Personally appeared before me, an officer duly authorized to administer oaths, Benjamin H. Rosen, who after having been duly sworn, upon oath deposes and says that the facts set forth in the above and foregoing pleas are true.

BEN ROTHBAUM

Sworn to and subscribed before me this 31st day of October, A. D. 1929.

BEN ROTHBAUM

(SEAL)          Notary Public, in the State of Illinois."

No proof is attached to the plea to show that the purported notary was in fact a notary or that he was then authorized to take affidavits and acknowledgments.

In 2 C. J., page 335, it is said:

"The courts have taken judicial notice in some instances of the powers of officers in other jurisdictions to take affidavits, but as a general rule an affidavit taken outside the State will not be received until it is shown that the person before whom it was taken was one of those authorized to perform such acts."

See Keefer v. Mason, 36 Ill. 406; Benedict v. Hall, 76 N. C. 113; Candler v. Hanna, 73 Ala. 390; Charles v. Foster, 56 Ga. 612; Knight v. Hill, 102 Sou. 221, and cases there cited.

In the instant case there appears no evidence in the record that a notarial seal was attached to the jurat. There is no statement when the commission of the notary,

if any, expired. The defendant did not sign the affidavit but the affidavit appears to have been signed by the notary.

There was a motion made to vacate the order striking the pleas and entering default but with the motion there was not filed any statement of facts showing a meritorious defense. The motion was denied and thereupon final judgment was entered.

We find no reversible error disclosed by the record. Therefore, the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.

DAVIS, C. J. (Concurring.)—Defendant tendered and had considered by the Court certain pleas which were proposed for filing as a basis for setting aside the default entered because the original pleas were not properly sworn to. This much appears by the transcript. But the contents of the rejected pleas, while copied in the transcript, should have been evidenced by a bill of exceptions, but were not. See Fidelity & Deposit Co. of Maryland v. Aultman, 58 Fla. 228, 50 So. 991. Therefore error with respect to the refusal to set aside the default does not appear. The 1927 statutes (Section 3, Chapter 12019) was not sufficiently complied with so as to dispense with a bill of exceptions in ordinary form.