## C. L. Carter v. Lloyd Lisle.

174 So. 22.
Opinion Filed April 26, 1937.

*Charles M. Williams* and *H. S. Glazier,* for Appellant; *Leitner & Leitner,* for Appellee.

Buford, J.—The appeal is from an order dissolving attachment which was issued in aid of foreclosure on personal property.

It is the contention of appellant that a traverse of the affidavit in attachment and motion to dismiss the attach-

ment cannot prevail in proceedings in attachment in aid of foreclosure.

In the case of Alford, *et al.*, v. Leonard, 88 Fla. 532, 102 Sou. 885, a cursory reading of the opinion would indicate that this was the holding of the court, but in that case the power of the court to dissolve an attachment was not involved. The question, insofar as the attachment was concerned, was whether Section 3429 R. G. S. of Florida, providing for the entering of a judgment against the defendant and the sureties upon a forthcoming bond in attachment cases applies to such a bond given for the release of property attached in aid of foreclosure.

The case of Tilghman v. United States Fidelity Co., 90 Fla. 282, 105 Sou. 823, involved the same proposition. On rehearing in that case it was said: "This court did not hold that the order of the trial court dissolving and discharging the attachment in the Tilghman-Melton case was erroneous but that its effect would not release the surety upon the forthcoming bond."

The case of Weston v. Jones, 41 Fla. 188, 25 Sou. 888, was determined in this court prior to the amendment of Section 2104, Revised Statutes 1906, 3405 R. G. S., by Chapter 8477 of 1921. Under the provisions of Chapter 8477, Acts of 1921, there are four grounds for attachment in aid of foreclosure, as follows:

"1. That said property or part of same will be concealed or disposed of so that it will not be forthcoming to answer a judgment or decree upon foreclosure.

"2. That said property or part of same will be removed beyond the jurisdiction of said court.

"3. That said property or part of same is of a perishable character and is being used and consumed by the mortgagor or other parties.

"4. That said property or part of same has been disposed of without the consent of the party holding and owning the mortgage, and stating who has said property, if known, and if not known, that affiant does not know who has same."

In addition thereto, that amendment provided as follows:

"And the plaintiff or plaintiffs or complainant or complainants, as the case may be, shall give bond as in other cases of attachment. And such writs of attachment shall be subject to motion to dissolve as other writs of attachment."

The fourth ground for attachment above quoted was not contained in Section 2104 General Statutes, 1906, which became Section 3405 R. G. S. Neither did the Act until the amendment of 1921, *supra,* contain the provision, "and such writs of attachments shall be subject to motions to dissolve as other writs of attachment."

It was pointed out by Justice Whitfield in the Tilghman case that since that cause of action was instituted Chapter 8477, Acts of 1921, had been enacted, but this enactment had no bearing upon that case. It does have bearing, however, on this case. The statute controls and under the present law writs of attachment issued in aid of foreclosure of lien on personal property are subject to motion to dissolve as other writs of attachment.

We find no error in the order appealed from. Therefore, it should be affirmed and it is so ordered.

WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur.

ELLIS, C. J., dissents.

ELLIS, C. J. (dissenting).—I think the decree should be reversed, not because the Chancellor entertained the petition to dissolve the attachment and the traverse by which the facts alleged in the. affidavit were denied—both peti-

tion and traverse may be treated as a motion to dissolve the statutory chancery writ duly addressed to the Chancellor, see Alford v. Leonard, 88 Fla. 532, 102 South. Rep. 885; Tilghman v. U. S. Fidelity & Guaranty Co., 90 Fla. 282, 105 South. Rep. 823—but the decree should be reversed because the Chancellor put the burden of sustaining the attachment on the complainant, whereas the burden of showing an equitable reason for the restoration of the property attached to the defendant, or the dissolution of the attachment is upon the defendant or mover of the motion to dismiss.

Attachment in aid of the foreclosure is a statutory chancery writ and under the control of the Chancellor. See cases above cited. The attachment is in aid of a perfected lien when obtained in aid of foreclosure.

In a law action the attachment is ancillary to the action to hold the property to be subjected to a lien to be obtained in the main action when the judgment is obtained. In a foreclosure proceeding the lien is already perfected, the attachment being designed to hold the property within the jurisdiction of the court to be subjected to the already perfected lien. The writ may be released on terms prescribed by the Chancellor and property restored to the defendant.

At law one who traverses the affidavit in attachment may have a jury to try the issues raised by the traverse. See 5274 C. G. L. Such is not the case where a motion is made to dissolve an attachment in aid of foreclosure. Therefore the clause contained in Chapter 8477 Laws 1921 that such writs of attachment "shall be subject to motion to dissolve as other writs of attachment" does not mean that the procedure in determining whether the motion shall be

granted is followed in all attachments whether in aid of foreclosure or in a law action.

In a law action if the jury find the issues of fact in favor of the defendant the attachment is automatically dissolved. Not so in an attachment in aid of foreclosure in which the Chancellor may order the dissolution of the writ on terms.