THOMAS, ELWYN, Associate Judge.
The appellants as plaintiffs brought an action against the appellee for recovery of approximately $24,000 paid to the appellee on the purchase price of a specific type of dredge which the appellee was to manufacture. The summons in the main action and the writ of attachment in the ancillary proceeding were served simultaneously.
Two orders were eventually entered by the trial court. One dissolved the attachment; the other, entered on the appellants' *892 motion for new trial, affirmed the order of dissolution and dismissed the main action. Both are brought to this court for review.
It appears from the complaint that ap-pellee manufactured the dredge but sold it to someone else, agreeing to deliver to appellants a second dredge of the same model, then it sold the second dredge to another person whereupon the appellants declared the contract breached and sued for the amount they had deposited and incidental damages and costs. Appellants also filed an affidavit of attachment containing the statement that good reason existed to believe that the appellee was about to move its property out of the state and that it was fraudulently disposing of its property. Secs. 76.04 and 76.09, Florida Statutes 1957, and F.S.A. Upon receiving and filing the attachment bond for double the amount of the claim, the affidavit in attachment and the appellants’ complaint, the clerk of the court issued the writ and summons.
When the appellee was served with the writ and summons a verified motion was filed in its behalf bearing the assertion that the allegations of the affidavit were untrue and that it did not owe the debt claimed. At the inception of the hearing on the motion to dissolve, which had been set in accordance with the provisions of Sec. 76.24, Florida Statutes 1957, and F.S.A., counsel for the appellants objected to the court’s proceeding on the ground that the two-day notice of the hearing had not afforded sufficient time to produce appellants’ witnesses. The court ruled that the hearing should continue on the question of the propriety of the issuance of the writ and after a brief inquiry, granted the motion to dissolve. Then the appellants made a motion that the appellee be required to file formal pleadings with reference to the debt and another motion in the alternative, i. e., for a new trial of the issue determined when the motion to dissolve was granted or for revision of the order of dissolution so that it would include a direction to file formal pleadings about the sum demanded and a provision for the trial of the issues.
Perhaps a recapitulation at this point will prove helpful to the reader, and to us in setting forth the points we will ultimately decide. Two proceedings had been set in motion, the principal action and the accessory one in attachment. Evidently the latter has, under the statute, two' aspects. A traverse of any allegation, precipitates a trial at which the burden is. upon the plaintiff to sustain the averment and if it be not met dissolution will follow-If the debt or sum demanded is denied,, the judge may upon request of either party require formal pleadings with reference to that feature. But the use of the word “may” has been held not to place the matter in the discretion of the court. Weston v. Jones, 41 Fla. 188, 25 So. 888.
Although the appellee denied each statement in the affidavit in attachment and said that it did “not owe the debt demanded” the court, without any reference to pleadings simply ruled “that Defendant’s Motion for Dissolution of Attachment be * * * granted.” In view of the judge’s comment we conclude that it was his intention to decide initially whether or not the averments of the affidavit, exclusive of the one relating to the amount of the debt, had been sustained by the appellants and to defer trial and decision of the debt for he stated to counsel, in effect, that at that time the traverse had put in issue the truth of the allegations of the affidavit but “not whether or not [appellee]-is indebted or otherwise but whether or not the attachment is proper.” He amplified the announcement with this statement which follows immediately in the record “[n]ow then the court may, as it says there, then require formal pleadings and a trial on the issue of the debt, if they were not truly indebted $24,433.00.”
For the purpose of an allied problem we will presently reach we refer also to the observation of the judge that the appellee was at that time “entitled as a matter of *893 right to see whether or not this affidavit [of attachment] is correct and if it isn’t then the attachment would be dissolved and if it is it won’t but in either case it will not affect the debt.” (Italics ours.)
The parts of the record to which we have alluded convince us that the judge up to this moment was dealing with but one phase of the controversy, namely, the propriety of issuance of the attachment irrespective of any debt that might eventually be shown to be owed the appellants by the appellee.
Not only were efforts of the appellants to get the court to require pleadings leading to an adjudication of the debt unsuccessful but the judge dismissed the main suit citing as authority for the action Sec. 76.25, Florida Statutes 1957, and F.S.A. It is provided in this statute that upon dissolution of attachment before appearance in an action “commenced by attachment” the suit shall abate and be dismissed; if, on the other hand, dissolution comes after appearance only the attachment is affected and the debt may be prosecuted to final judgment.
The trial of the original traverse seems to have been perfunctory and to have been held despite the protest of the appellants that the short notice was insufficient to permit production of their witnesses. The only witness available was the president of the appellee corporation who was, of course, adverse. From the record it is plain to us that the appellants were not given enough time to meet the burden put upon them by the statute and not only were they placed at a disadvantage in this hearing, but also in the ultimate disposition although it is plain from the remarks of the judge that the first hearing dealt with phases of the case aside from the validity of the debt. We cannot approve the short shrift given appellants’ attempt to meet the issue forced by the motion to dissolve and we are constrained to reverse with directions to retry that issue after permitting all parties a reasonable time to present their witnesses. The appellants should be given a new and genuine opportunity of proving that they had “reason to believe” that the appellee was about to remove its property from the state or was fraudulently disposing of it, or both. Secs. 76.04 and 76.09, Florida Statutes 1957, and F.S.A. Eckman v. Munnerlyn, 32 Fla. 367, 13 So. 922.
Although the cited case was decided many years ago there seems to be no reason to depart from the principle expressed in view of the lack of any difference in the language of the statute then before the court and the one now in effect.
We conclude that the court should have required the filing of pleadings to form a guide for the introduction of testimony as to the debt itself. Apparently a real effort was made by the appellants to bring this about by the motions we have already described but the attempts availed them nothing although the judge plainly stated, when he granted the motion to dissolve, that the issue of the debt would be determined later.
Finally, we hold that the court committed error when the main suit was dismissed, presumably because the court considered it was so inextricably bound to the attachment that the fate of one became the fate of the other. Conceivably dissolution of an attachment obtained on the ground that a. defendant resided beyond the limits of the state would work a dismissal of a claim because it was the sole means of giving the court jurisdiction. But no such situation obtains here. As we have said there was a main action and an ancillary one. Disposition of the latter did not, in the instant circumstances, conclude the former.
We apprehend that the appellants have not had a trial of the issue whether or not the appellee was indebted to them and if so, in what amount. Such could have been accomplished by expediting the pleading in the main suit so that but one trial would have been necessary. Caldwell v. *894 People’s Bank of Sanford, 73 Fla. 1165, 75 So. 848. But this was not done and the appellants found themselves out of court although they had tried to get the issues joined and determined. Nevertheless, the main action and the ancillary proceeding are not interdependent and the dissolution of the attachment even had it been regularly effected would not of itself have worked dismissal of the principal case.
The orders are reversed with directions to begin with the motion for dissolution and from that point proceed in accordance with the views we have expressed.
Reversed.
KANNER, C. J., and SHANNON, J., concur.