MICHIGAN SURETY COMPANY,
Appellant,

v.

SERVICE MACHINERY CORPORA-
TION, Inc., Appellee.

No. 17920.

United States Court of Appeals
Fifth Circuit.
April 22, 1960.

Thomas H. Anderson, Miami, Fla., Robbins, Cannova & Watson, Hollywood, Fla., and Anderson & Nadeau, Miami, Fla., for appellant.

F. E. Gotthardt, Miami, Fla., Morehead, Forrest, Gotthardt & Greenberg, Miami, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

A suit was commenced in the Circuit Court of Broward County, Florida, by Nicholas Luciano and others against the appellee, Service Machinery Corporation, Inc. The proceedings were commenced by the attachment of two dredges belonging to the appellee. The appellant became surety on the attachment bond which was to pay all costs and damages which the appellee should sustain if the attachment was wrongfully obtained. On motion of the appellee the Florida court dissolved the attachment. The appellee then sued the surety on the attachment bond in the Federal Court, basing jurisdiction on diversity of citizenship, and claiming damages for breach of the condition of the bond. At the time of the trial counsel for the appellee stated that he and the appellant's counsel were "in agreement that the sole issue * * * is the amount of the reasonable attorney's fees payable to the plaintiff as their damages for obtaining the dissolution of the attachment which was wrongfully issued." Counsel for the appellant concurred in the statement.

Prior to the trial the appellant filed a motion asking leave to amend its answer by alleging that the judgment dissolving the attachment was pending on an appeal to the Florida District Court of Appeal. At a trial without a jury, the appellee asserted a claim for $16,000. The Court, on January 30, 1959, entered judgment for $2,000. On February 6, 1959, the appellant filed a motion for new trial. This motion was denied on May 28, 1959. On June 1, 1959, the appellant filed a motion in which it was recited that on May 27, 1959, the Florida District Court of Appeal had reversed the order of the Circuit Court of Broward County which had dissolved the injunction. See Luciano v. Service Machinery Corp., Fla. App., 112 So.2d 890. By the motion the appellant sought, pursuant to Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., to have the judgment vacated and the complaint dismissed. The mo-

tion was denied. This appeal from the judgment followed.

The portion of the Rule upon which the appellant relies is as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * *." Rule 60(b) (5), (6), Fed. Rules Civ.Proc., 28 U.S.C.A.

If there had not been a judgment of the Circuit Court of Broward County, Florida, dissolving the attachment there would have been no cause of action upon the attachment bond. The gravamen of the cause of action in the federal court action was that the attachment "was wrongful and improper and that said Luciano, et al., had no meritorious grounds for the issuance of the writ of attachment." This claim, and the judgment upon it, were dependent upon and hence were based upon the state court judgment that the attachment was improperly sued out. The state court judgment has been reversed. If the judgment of the federal court is permitted to stand there will be a recovery permitted upon a claim which was or, but for the judgment, would have been extinguished on the day prior to the denial of a motion for a new trial. To prevent such a manifest miscarriage of justice was one of the purposes of the adoption of the quoted rule.

The appellee points to the statement of the agreement of appellant's counsel at a pre-trial conference that the only issue was the amount of attorney's fees, and urges that since the appellant did not raise before the trial court the question here presented, it cannot here prevail. The appellant did tender an amendment to its answer in which it set up the fact of the appeal from the state court judgment. The district court did not act upon the motion to amend. At the time of the trial the judgment of the state court was a valid and subsisting judgment. Whether it could have been superseded is a question we need not answer. It was not superseded and the appellant in this cause should not be prejudiced because there was no stay in the state court. There has been no conduct of the appellant which should estop it from asserting a claim for relief against the judgment. There has been no delay working to appellee's prejudice. Ferrell v. Trailmobile, Inc., 5 Cir., 1955, 223 F.2d 697.

■ Rule 60(b) is to be liberally construed and applied to carry out the purpose of avoiding, where relief is promptly sought and no prejudice is shown, the enforcement of a judgment which has become erroneous even though it may have been proper when entered. Serio v. Badger Mutual Insurance Co., 5 Cir., 1959, 266 F.2d 418, certiorari denied 361 U.S. 832, 80 S.Ct. 81, 4 L.Ed.2d 73. The appellant's Rule 60(b) motion should have been granted and the judgment vacated. That these things may be done the order denying the motion is reversed and the cause is remanded.

In the opinion of the Florida District Court of Appeal there was a remand for a determination of factual issues. Nothing we have here said is intended to preclude the appellee from asserting such cause of action, if any, that may have arisen or may hereafter arise upon the appellant's attachment bond after the remand of the state court case.

For proceedings here directed, the judgment of the district court is

Reversed and remanded.