HORTON, Judge.
This is an interlocutory appeal from an order denying a motion to dissolve an attachment issued in aid of a mortgage fore-clósure on personal property.
The appellant contends that the attachment affidavit is defective in that it fails to meet the statutory requirement of § 76.07, Fla.Stat., F.S.A. We conclude that this contention has merit.
The attachment affidavit in part states “ * * * and this affiant knows or has good reason to believe that the property * *.” It is this quoted language which the appellant contends renders the affidavit insufficient as a basis for the issuance of the writ.
The Supreme Court of Florida, in Georgia Fertilizer Co. v. Privett, 107 Fla. 596, 145 So. 840, was called upon to answer this same question. In concluding that an affidavit for writ of attachment in aid of foreclosure was defective, the court said:
“In this case the affidavit in attachment was defective’in that it did *690 not state that the affiant ‘does believe’ the allegations of the affidavit, but only-states that ‘he has reason to believe.’ The failure to include the words ‘and does believe’ in the affidavit constitutes a fatal defect, making the affidavit insufficient as a basis upon which to issue the writ of attachment.”
The failure to include the words “and does believe” renders the affidavit here, as it did in Georgia Fertilizer Co. v. Privett, supra, fatally defective.
Accordingly, the order appealed is reversed with directions to dissolve tire attachment.
Reversed with directions.