O’CONNELL, Justice.
In this petition for certiorari the petitioner contends that the decision of the district court of appeal reported in 143 So.2d 689 is in direct conflict with the decisions of this Court in Weston v. Jones, Fla.1899, 41 Fla. 188, 25 So. 888, Rosen v. Levy, Fla. 1933, 109 Fla. 523, 148 So. 393, and the decision of District Court of Appeal, Second District, in Luciano v. Service Machinery Corp., Inc., Fla.App., 112 So.2d 890.
In the opinion under attack the district court held that an affidavit filed in an attachment in aid of foreclosure of personal property failed to meet the requirements of F.S. Sec. 76.07, F.S.A. because it stated “ * * * this affiant knows or has good reason to believe * * in the existence of the statutory grounds for issuance of the writ, but did not state that affiant “does believe” in the existence of the grounds alleged.
In its opinion the district court relied upon the opinion of this Court in Georgia Fertilizer Co. v. Privett, 1933, 107 Fla. 596, 145 So. 840. This case is directly in point and is controlling
*441 We have carefully considered each of the cases with which the petitioner alleges conflict. We find none.
The Rosen and Luciano cases, supra, involved attachments in common law actions under Sections 76.04 and 76.09 in which the affiant is only required to state that he “has reason to believe” in the existence of the statutory grounds.
The case of Weston v. Jones, supra, was decided in 1899. The requirement that the affiant allege that he “does believe” was not added to the predecessor of Sec. 76.07 until 1906. This case' therefore is not applicable.
Even though we find no conflict in decisions we feel it necessary to write this opinion to alert others to the statutory pitfall which caused petitioner’s downfall in this case. Since the printed form of affidavit used by petitioner in this case is alleged to have been furnished by the Clerk of the Circuit Court, Eleventh Judicial Circuit, he, and other clerks, will be interested in this decision in order that he may make the necessary change in wording in such forms to be used in attachment in aid of foreclosure.
Sections 76.07 and 76.11 both deal with attachments in aid of foreclosure. However, while Sec. 76.11 states that the required affidavit shall, among other things, allege only “ * * * that affiant has reason to believe in the existence of one or more of the special grounds * * Sec. 76.07 requires that the affidavit must allege that affiant “ * * * has reason to believe and does believe * * * ” in the existence of such grounds.
We cannot explain the reason for the difference in the requirements of the two sections. Sec. 76.11 was in existence when the Georgia Fertilizer Co. case was decided and this Court then determined, as did the district court in this case, that it was nevertheless necessary to follow the more stringent requirements of Sec. 76.07. Those who seek attachment in aid of foreclosure must follow the requirements of this section or suffer the same fate as petitioner in this case.
For the reasons above expressed the writ of certiorari is denied.
It is so ordered.
ROBERTS, C. J., and DREW, THOR-NAL and CALDWELL, JJ., concur.